LANGLEY & a. v. TILTON, *Ex'r*, & a.

A devise to a wife "to her use and benefit forever," followed by a provision that she is to be amply supported "out of said estate during her natural life, and to use and dispose of the same as she sees fit," giving the remainder, if any, to the testator's brothers, does not vest in her an absolute estate.

BILL IN EQUITY, for an accounting. Facts agreed. The residuary clause of the will of John H. Langley is as follows: "As to the rest, residue, and remainder of my estate, I give and bequeath the same to my beloved wife, Mary S. Langley, to have and to hold the same to her use and benefit forever. It is distinctly understood that my wife is to be amply supported and maintained out of said estate during her natural life, and to use and dispose of the same as she sees fit, and at her decease the remainder of said estate, if any, shall go, in equal shares, to my brothers, Samuel N. and Joseph T. Langley."

One of the plaintiffs is Joseph T. Langley, and the other is the executor of the estate of Samuel N. Langley. The defendant is the executor of the estate of Mary S. Langley. The question presented is, whether Mary took an absolute estate under the residuary clause of her husband's will, or whether she took only a life estate.

*Thomas Leavitt* and *Frink & Batchelder*, for the plaintiffs.

*Thomas Cogswell, George E. Cochrane*, and *John Kivel*, for the defendants.

*Per Curiam.** The evidence furnished by the will shows that it was the intention of the testator to give his wife the residue of his estate for her use, support, maintenance, and disposal, and to give his brothers the remainder, if any, left undisposed of by her at her decease. When the testator's intention, ascertained from competent evidence, results in a legal disposition of his estate, as in this case, the will is so construed as to carry out that intention. If the last part of the residuary clause is literally inconsistent with the first part, the testator's intention is as evident as though it had been expressed in the most technical language. Both parts

---

* See foot-note on page 80.

taken together disclose the purpose of the testator to provide amply for his wife, and to give his brothers whatever she should not dispose of during her life.    Kimball v. Society, 65 N. H. 139, 151.

Case discharged.

BLODGETT, J., did not sit: the others concurred.


STRAFFORD.