Hillsborough, }
  June, 1900. }

TILTON & a., Ap'ts, v. TILTON, Ex'x.

Where a will gives to a wife the income of an estate and so much of the principal thereof as may be necessary for her support, with power to sell, convey, invest, and reinvest the same at her discretion, she is not required to account to the remainder-men, in the absence of mismanagement or misappropriation, when such does not appear to have been the intent of the testator.

The bond required of an executor for the payment of the debts of the testator does not obligate him to settle an account.

PROBATE APPEAL. John Tilton, deceased, left a will containing the following provisions: "I bequeath and devise all the residue and remainder of my estate, both real and personal, to my beloved wife, Mary E. Tilton, if she shall survive me, for and during the term of her natural life, that she may have the use and income therefrom, without impeachment of waste, for her support and maintenance, and, if such use and income prove insufficient therefor, then so much of the principal as may be necessary thereto, with full power to sell, convey, invest, and reinvest the same in her discretion. I bequeath and devise whatever may be left unexpended of my said estate as aforesaid, upon the decease of my

said wife, to my three children, Frank H. Tilton, Osman B. Tilton, and John L. Tilton, to them, their heirs and assigns forever, in equal shares. I appoint my said wife, Mary E. Tilton, executrix of my will, and it is my wish that she shall not be required to give bond or furnish sureties in her said capacity as executrix."

The plaintiffs are the children, and the defendant is the widow, named in the will. The defendant, having filed a bond to pay debts, was granted letters testamentary, August 27, 1896. She has filed an inventory of the estate. This is an appeal from the decree of the probate court dismissing the plaintiffs' petition for an accounting by the defendant. The question whether she is bound to account was reserved.

*Henry B. Atherton*, for the plaintiffs.

*Charles W. Hoitt*, for the defendant.

CHASE, J. The testator gave his wife the use and income of the residue and remainder of his estate, both real and personal, during life, without impeachment of waste. If such use and income should prove insufficient for her support and maintenance, he also gave her so much of the principal as might be necessary for the purpose. Whatever might be left unexpended at her decease, he gave to the plaintiffs. His scheme required that some one should be charged with the custody and control of the property until the death of his wife, when, if it turned out that any of it was unexpended, the plaintiffs' right of possession would arise. He had power to determine who the custodian should be,— whether the life tenant or a trustee,— and whether any security should be required for the proper discharge of the custodian's duties. He nominated his wife sole executrix, thus giving her the right to the possession of the property upon appointment by the judge of probate. He also gave her full power to sell, convey, invest, and reinvest the property in her discretion, showing that he understood she would hold it longer than for the temporary purposes of administration merely, and that he had confidence in her judgment and business capacity. He exempted her from giving a bond, showing that he had confidence in her integrity. From these provisions it appears probable that he intended she should have the possession and control of the property without giving a bond to the remainder-men for their protection. His purpose seems to have been to provide amply for his wife, and to do it in such a way that she would have a sense of freedom and independence. There are several cases in which similar provisions have been used to effect a like purpose. *Kimball* v. *Society*, 65 N. H. 139, 151;

*Langley* v. *Farmington*, 66 N. H. 431; *Langley* v. *Tilton*, 67 N. H. 88.

The defendant has filed a bond for the payment of the testator's debts, as required in such cases. P. S., c. 188, s. 14. It does not appear that this bond obligates her to settle an account. The statute contains no express provision on the point. She has also filed an inventory of the estate, thereby voluntarily furnishing the plaintiffs with information necessary for the protection of their rights, and relieving them from the necessity of resorting to a court of equity for the purpose. She is rightfully in possession of the property. It is not alleged that she is appropriating more of it to her own use than she is entitled to, or that she is otherwise prejudicing the plaintiffs' rights. If she should attempt to divert the property from them by a fraudulent or unauthorized management or appropriation, they would have a remedy in equity. So long as she manages and uses it according to her rights, the plaintiffs have no reason to complain or call her to account. The testator, in effecting his purpose in respect to his wife, saw fit to intrust the property to her during the continuance of her rights in it, without incumbering her with an obligation to guarantee to the plaintiffs their rights by a bond, or by an accounting whenever they might call for one. His intent in this respect governs the plaintiffs' rights. It does not appear that the defendant ought to account at this time.

*Case discharged.*

All concurred.