Merrimack,
May 2, 1905.

WALKER, *Ex'x*, v. HILL *&* *a.*

HILL *&* *a.* v. WALKER *&* *a.*

Where a will directs the erection of a suitable headstone, postpones the payment of pecuniary legacies until after the decease of the testator's widow, and gives the latter one half of the residue of the estate in fee and the income of the remainder for life, the title to all the property not required for the payment of debts and expenses of administration and the purchase of a headstone vests in her upon the death of the testator,—one half in fee and the other half for life.

Under such a will, the bequest of income is not sufficient to create a trust estate in the property from which it is derived, in the absence of language or circumstances from which it can reasonably be found that such was the intention of the testator.

In the absence of contrary direction by the testator, an executor is ordinarily required to satisfy charges against the estate from funds accruing from the collection of debts due the decedent and the sale of personalty not specifically bequeathed.

BILL IN EQUITY, for the construction of the will of Gustavus Walker, and PETITION, for the appointment of a trustee thereunder.   Transferred from the April term, 1904, of the superior court by *Peaslee*, J.

The first clause of the will directs the payment of debts and funeral expenses, the second bequeaths to Nancy L. Hill, a sister of the testator, the sum of $1,000 in case she survives him, and the third devises the testator's homestead to his wife, "to have

and to hold for and during her natural life, with the privilege of selling the same at any time if she deem it best, the proceeds of such sale to be invested by her, and my said wife to have the income of such investment for her own use during her natural life."

The fourth clause is as follows: "I also give, bequeath, and devise to my said wife, her heirs and assigns, all the household furniture, ornaments, goods and stores belonging to me and in use for household purposes at the time of my decease, and all horses, harnesses, robes, sleighs and carriages, and stable equipments then owned by me, together with one half of all the remaining portion of my estate, both real, personal, or mixed, wherever found or located, to have and to hold to her and her heirs and assigns forever; and I do also give to my said wife the income of the remainder of my estate during her natural life."

In the remaining clauses the testator directs the erection of a suitable headstone on his family burial lot, appoints his wife sole executrix, and distributes $29,100 in pecuniary legacies, "none of which legacies, except that to Nancy L. Hill, are payable till the death of my said wife, my said wife having the income during her natural life."

Nancy L. Hill died in the lifetime of the testator. His estate consisted of his residence, a block valued at $90,000, securities valued at $90,000, and the furniture and provisions in and about his house and stable. The following instructions are requested: (1) From what part of the estate are the debts, funeral expenses, expenses of administration, and cost of the headstone to be paid? (2) To whom does the income of the estate since the testator's death belong? (3) To what portion of the estate is Mrs. Walker entitled? (4) When did her title as legatee and devisee vest?

*Martin & Howe, George B. French*, and *James H. Morris*, for Mary C. B. Walker.

*Streeter & Hollis* and *Sargent, Remick & Niles*, for William W. Hill and others.

*Drew, Jordan, Buckley & Shurtleff*, for Mary W. Hill Ladd.

YOUNG, J. The clause under which Mrs. Walker takes the great bulk of the testator's property is a residuary one so far as her administration is concerned, for he gives her "one half of all the remaining portion of my estate . . . and . . . the income of the remainder of my estate during her natural life." Under it she takes all the property that remains after his debts, funeral expenses, expenses of administration, and the cost of the

headstone have been paid, either in fee or for life; for the legacy to his sister, Nancy L. Hill, has lapsed, and the will postpones the payment of the other legacies until after Mrs. Walker's death, so these are the only claims that are to be paid during her administration. Since these claims are to be paid out of the property she takes under this clause of the will, it is unnecessary to consider whether the bequest is general, or specific, or given to her in lieu of dower.

There is no merit in the claim that the will creates a trust estate and that a trustee should be appointed to manage it; for notwithstanding there are some facts that, standing alone, might lead to that conclusion, the weight of the evidence is in favor of the view that the testator intended to give his wife one half of his property and a life estate in the remainder. The fact that the will makes no mention of a trust estate or of a trustee, or in any way alludes to either, is evidence that the testator did not intend to create such an estate. So is the provision of the third clause that gives his wife a life estate in the proceeds of the homestead if she elects to sell it; for if his plan for conserving that part of the estate that goes to his representatives contemplated a division of the property in her lifetime and the appointment of a trustee to manage the part of which she was to have the income, it is very improbable that he would have given her the control of the whole of the securities in which the proceeds of the homestead were to be invested. *Snow* v. *Society,* 70 N. H. 48. The words of the gift are also evidence that the testator intended to give his wife a life estate in all his property that remained after she had administered his estate as far as it was to be administered by her; for a gift of the income of property is usually construed to be a gift of the property itself. *McClure* v. *Melendy,* 44 N. H. 469, 471; *Wood* v. *Griffin,* 46 N. H. 230, 234; *Perkins* v. *Mathes,* 49 N. H. 107, 111; *Hopkins* v. *Keazer,* 89 Me. 347. But if such a gift is not as a matter of law a gift of the property (*Bowen* v. *Payton,* 14 R. I. 257), it raises a presumption that the testator intended to give it to her (*Kendall* v. *Green,* 67 N. H. 557), and there is nothing in this case to rebut it.

It is a matter of common knowledge that men often speak of " income " when they intend the property that produces it. *Wood* v. *Griffin,* 46 N. H. 230. Consequently, there is no special significance in the fact that the testator used " one half of all the remaining portion of my estate " in making the gift of the property of which she was to have the fee, and " the income of the remainder of my estate " in making that in which she was to have a life estate only. As he was not disposing of precisely the same property in both bequests, that may account in part for the difference in the

words he used in making them. In the first, he was giving her the fee of one half of his block and of one half the remainder of his residence, and one half of the personal property that remained after she had completed her administration of his estate. In the second, a life estate in the other half of the same personal property and in his block, but was not disposing of any part of his homestead, for he had given her a life estate in that in the preceding section of the will. Neither is there any special significance in the fact that he authorized his wife to sell his homestead if she desired to do so, but did not authorize her to dispose of the rest of his real estate; for he may have thought that she might not care to reside in the homestead after his death, and in such an event that it would not be a good investment either for her or for his representatives. On the other hand, if his block was well rented it may never have occurred to him that she would wish to change the investment, and his chief purpose in making this will seems to have been to secure to her the entire income of his estate during her lifetime, with as little trouble and inconvenience as possible.

The usual way in which charges against an estate are satisfied is for the administrator to collect the debts owed to the deceased and to sell personal property not specifically bequeathed, and use the proceeds for that purpose. Consequently, the testator in this case must be held to have intended for his wife to collect the debts due to him and use the proceeds to pay the charges against his estate that he intended she should pay, or if the money from that source was insufficient, to sell securities for that purpose; for in the absence of evidence of a contrary intent, there is a presumption that he expected she would administer his estate in the ordinary way.

Since the plan the testator seems to have had in mind in disposing of his property was to secure to his wife for life the income of all that remained after she had completed her administration, and after her death that all of it, except the furniture and provisions in his house and stable at the time of his death, should be divided equally between his representatives and those of his wife, he must have intended that she should receive the income of all his property not disposed of by her in administering his estate, from the time of his death. Consequently, the title to all the real estate and that part of the personal property not needed for the payment of such charges vested in her on his death,—one half in fee and the other for life,—for that is the time when his will became operative. *Sanborn* v. *Clough*, 64 N. H. 315.

Under the will Mrs. Walker takes (1) the furniture, etc., that was in the testator's house and stable at his death, (2) one half of all the personal property not specifically bequeathed that remains

after she has done what she is to do in administering his estate, (3) one half of all his real estate in fee, and (4) a life estate in the remainder of his real and personal property.

*Case discharged.*

All concurred.