Hillsborough, ⎰
April 2, 1907. ⎱

LITTLE, *Trustee*, v. COLMAN *& a.*

Where a will gives to daughters of the testatrix " the use " of real estate during their lives, the beneficiaries take directly as life tenants, without the intervention of a trustee or other agency.

A bequest of " the income " of an estate is not sufficient to create a trust in the property from which it is derived, in the absence of language or circumstances indicating such an intention.

BILL IN EQUITY, for directions in respect to the execution of a will. The bill was taken *pro confesso*, and was transferred without a ruling from the September term, 1906, of the superior court by *Peaslee*, J.

The material allegations of the bill are as follows: Mary Dyson died testate in 1898, and her will has been duly proved and allowed. In 1905, the plaintiff was appointed trustee by the probate court, to hold certain property and estate described in the will. Besides certain provisions in favor of the husband of the testatrix during life, the will contained the following: " II. I give and bequeath, upon the death of [my] husband, the use of my farm in Vassalborough, . . . during the term of her natural life, to my daughter, Emily F. Colman, of Vassalborough, Maine. III. I give and bequeath, upon the death of my husband, the use of my house and lot where I reside and which is the family homestead, during the term of her natural life, to my daughter, Lottie B. Ring, of Manchester aforesaid. . . . V. I give and bequeath to my

daughters aforesaid, and to the survivor of them, the income from all the rest of my real estate and personal property in equal shares during the terms of their natural lives. VI. I give, bequeath, and devise to the children now living, or who may be hereafter born to my daughter, Lottie B. Ring, all the rest, residue, and remainder of my estate of every kind." The husband of the testatrix died in 1899. The estate consists of the farm in Vassalborough and the family homestead in Manchester mentioned in the second and third clauses of the will, and of two lots of land with buildings upon them in Manchester.

The plaintiff, as trustee, has taken possession of the real estate last mentioned, collected the rents, paid the expenses of maintenance, and divided the net income between Emily F. Colman and Lottie B. Ring. He is in doubt concerning his duties and liabilities in the premises, and prays for advice and direction upon the following questions: (1) Are the provisions of the will sufficient to create a trust in any property of the testratrix? (2) If so, in what portion?

*Cyrus H. Little*, for the plaintiff.

CHASE, J. The testatrix, by the second and third clauses of the will, gave to one of her daughters during life "the use" of the Vassalborough farm, and to the other daughter during life "the use" of the family homestead. Obviously, "the use" intended was to be direct,—of the property itself, without the intervention of a trustee or other agency. Each daughter took a life estate in the real estate of which she was to have the use, and the plaintiff, as trustee, has no duty to perform in respect to such real estate.

By the fifth clause of the will, the testratrix gave to her daughters and the survivor of them, during life, "the income from all the rest" of her real and personal estate. "The rest" consists of two lots of land in Manchester having buildings upon them. The income from these lots is the gain or profit which comes in or arises from the use of them, either directly by the owner in person, or indirectly by tenants. The use of the term "income" in the connection in which it appears in this clause would be proper if the intention was that the property should be held in trust by a third person, and the gain or profit arising from its use was to be paid over to the legatees. But if such were the intention, it would seem as if the idea would be fully expressed and a trustee would be nominated to hold the property. "Income" is also used when the intention is that the legatee or grantee of it shall have the possession and control of the property from which it arises,

without the intervention of a trustee. In *Walker* v. *Hill*, 73 N. H. 254, the provision in the will considered was, " I do also give to my said wife the income of the remainder of my estate during her natural life " ; and it was held that the provision did not create a trust in respect to the property from which the income would arise, but gave the wife a life estate in the prop-erty. One reason for the holding was the absence of any mention in the will of a trust estate or a trustee. See, also, *McClure* v. *Melendy*, 44 N. H. 469; *Wood* v. *Griffin*, 46 N. H. 230, 234; *Merrill* v. *Baptist Union*, 73 N. H. 414.

This case very closely resembles *Walker* v. *Hill*. The will contains nothing, aside from the employment of the word " income " instead of " use," having a tendency to prove an intention to create a trust. This change from the term used in the preceding clauses may have arisen from the understanding of the testatrix that the legatees would not be likely to use the property in person, as they would that mentioned in the preceding clauses. No circumstances are disclosed in the case having a tendency to show why the testatrix should prefer a trust to a life tenancy. A life tenancy would as effectively secure to the daughters the income of the property as would a trust. If they could not manage it themselves, they could employ an agent to manage it for them. The remainderman would also be as fully protected in the one way as in the other. On the whole, it does not seem probable the testatrix intended that the property mentioned in the fifth clause of the will should be held in trust; and the plaintiff is so advised.

*Case discharged.*

All concurred.