Hillsborough, }
Jan. 6, 1914. }

### ARTHUR H. HALE, *Ex'r,* v. JOHN F. KERIN & a.

Certain evidence deemed sufficient to warrant the conclusion that a devise of "real estate located at the corner of Pearl and Pine streets" was intended to include all land so situated of which the testatrix died seized, although the same was conveyed to her by a deed which described the property as three separate tracts.

BILL IN EQUITY, by the executor of the will of Ellen Kerin, praying for a construction of the second clause, which is as follows: "I give . . . . my real estate located at the corner of Pearl and Pine streets, . . . known as the Pattee house, to my son, John F. Kerin." Facts found by a master. Transferred without a ruling from the May term, 1913, of the superior court by *Chamberlin,* J.

About a year prior to the execution of the will, the testatrix purchased of the heirs of Luther Pattee land at the corner of Pearl and Pine streets in Manchester, on which were three houses, one located on Pearl street, another on Pine street, and a third at the corner of those streets. The deed to her described the property as three separate tracts. The corner lot, on which stood a house and barn, was purchased by Pattee in 1883. There was a fence around the land on which the house stood, but not around the land

occupied by the barn. Pattee bought the adjoining house on Pearl street in 1886, and the house on Pine street in 1892. He occupied the corner house and rented the others, and Mrs. Kerin was using the property in the same way at the time the will was executed. There was nothing to indicate whether she considered the corner house, or all three houses, as the Pattee place or house, except what was said when she was conferring with her attorney as to a draft of her will. At a preliminary conference she said that John was to have the place at the corner of Pearl and Pine streets; and when she was asked by the attorney what property she meant, her brother replied "the Pattee place." At the final conference she said John was to have her house or place at the corner of Pearl and Pine streets; and when she was asked how it was called or described, she replied "the Pattee house." Evidence as to declarations of the testatrix which tended to show her understanding and intent was admitted subject to exception by Timothy Kerin.

*Taggart, Tuttle, Burroughs & Wyman,* for the plaintiff.

*Jones, Warren, Wilson & Manning,* for Timothy Kerin.

*Branch & Branch,* for John F. Kerin.

YOUNG, J. When the language Mrs. Kerin used is read in the light of the facts, it is uncertain just what land she intended to give John. "My real estate located at the corner of Pearl and Pine streets" is apt language to describe all three of the houses, while "known as the Pattee house" tends to limit it to the corner house; but there is nothing to show either that that house was commonly known as the Pattee house, or that that was the way Mrs. Kerin thought of it. But it does appear that at two of the conferences she had with her attorney she said John was to have her house or place at the corner of Pearl and°Pine streets, and that at one of these conferences the property she had in mind was all three of the houses. This tends to the conclusion that she used "the Pattee house" and "the Pattee place" as synonymous terms when she was speaking of this property. Although the fact that the Pattee heirs described the property in the deed they gave Mrs. Kerin as three separate tracts of land and the further fact that there was a fence around the corner house may be relevant

to the issue of her intention, any inferences that fairly may be drawn from these facts are not sufficient to rebut the conclusion that she intended to give John all three of the houses.

Although the deed describes the property as three separate tracts of land, it does not describe either of these tracts as the Pattee house or place; and while it may have some tendency to show that the grantors thought of the property as three separate tracts of land, it has little or no tendency to prove that that was the way Mrs. Kerin thought of it. The same is true of the fact there was a fence around the corner house, for the fence bounded only a part of the land Pattee occupied in connection with the corner house, and is also true in respect to Mrs. Kerin's occupation at the time the will was made, or until 1905, when she converted the stable into a house. This result renders it unnecessary to consider the competency of the evidence admitted subject to Timothy's exception.

The plaintiff is advised that John takes a life estate in all the land at the corner of Pearl and Pine streets of which Mrs. Kerin died seized.

*Case discharged.*

All concurred.