Hillsborough, }
Jan. 1, 1918. }

### WILLIAM A. GAGE & a. v. JOHN O'NEILL, *Adm'r.*

### SAME v. JOHN O'NEILL, *Ex'r.*

Bequest by husband to wife for her natural life "for her comfort, pleasure and maintenance, and the control and management of the same," with remainder to his heirs.   On her re-marriage the widow may make a valid gift of the estate to her second husband to pay off a mortgage on his house, occupied by them, if she deem such gift conducive to her comfort.

BILLS IN EQUITY, to recover certain assets and money claimed to belong to the plaintiffs as remaindermen under the will of Richard Gage.    Decree for the defendant in the first, and for the plaintiffs in the second suit.

Richard Gage died in 1907 leaving a widow, Eliza, to whom he gave all his "estate real personal and mixed   .  .  .    during her natural life for her comfort, pleasure and maintenance, and the control and management of the same"; and by another clause he gave what remained of his estate after the death and burial of his wife "or the proceeds thereof then remaining unconsumed and unexpended" to his legal heirs.    Eliza subsequently married Wesley Fuller who owned, subject to a mortgage the house in which they lived.    Eliza gave him $938.50 of the money she received under Richard's will to pay this mortgage and $400 to repair the house.    The plaintiffs are Richard's heirs.    The defendant in the first suit is admin-

istrator *c. t. a.* of Wesley's estate, and in the second, Eliza's executor.

Transferred by *Allen*, J., on the plaintiffs' exceptions to the decrees, from the May term, 1917, of the superior court.

*Thorp & Abbott* and *Samuel J. Dearborn*, for the plaintiffs.

*John O'Neill*, for the defendant.

YOUNG, J. The only question of law raised by the plaintiffs' exceptions is whether Eliza could legally make these gifts to her second husband. If the language Richard used is given its ordinary meaning he intended Eliza should use his estate in any way she thought would be conducive to her comfort; and that if there was any of it left at her death it should go to his children. The court has found that Eliza acted in good faith when she gave the money in question to her second husband, that is, has found that she thought it would be conducive to her comfort to repair the house in which she lived and to pay the mortgage on it. It must be held, therefore, that she was acting within her rights when she gave this money to Wesley (*Shapleigh* v. *Shapleigh*, 69 N. H. 577, 580), for there is nothing either in or outside of Richard's will which even tends to the conclusion that the language he used is not to be given its ordinary meaning.

*Exceptions overruled.*

All concurred.