Belknap,
Feb. 1, 1921.

FREDERICK W. FOWLER, *Adm'r, v.* SELURA H. LADD & *a.*

Bequest to A "to be used according to her judgment & will," and in case of her death without having made a will then to B. A has an unrestricted power of disposition and B is entitled to the property not disposed of by A.

PETITION, by the administrator of Martha L. Haines, for advice as to who is entitled to the possession of the property that came to her under the will of her husband James H. Haines. The will is as follows: "First. I give and bequeath all my earthly possessions to my wife, Martha L. Haines, to be used according to her judgment & will. Secondly — in case of the death of the said Martha L. Haines without having made a will, then the said possessions shall go to Alice C. Ladd, on condition that she provide for her mother Selura H. Ladd." Transferred without a ruling by *Sawyer,* J., from the October term, 1919, of the superior court.

*Cox & Fowler,* for the plaintiff.

*Owen & Veazey (Mr. Owen* orally), for Alice C. (Ladd) Chapman.

*Young & Cheney (Mr. Young* orally), for the heirs of Martha L. Haines.

YOUNG, J. The question for the court in this case is whether James intended to give his property to Martha or to give her the right to use it and to dispose of it in any way she saw fit but that if she did not dispose of it, it should go to Mrs. Chapman.

As the law is understood in this jurisdiction, the construction of a will is the ascertainment of the testator's expressed intention, not by the application of the so-called common law rules of construction, *Hayward* v. *Spaulding,* 75 N. H. 92, but by reading the words the testator used in the light of the surrounding circumstances, and giving them their ordinary meaning unless it appears that that was not the sense in which he used them. *Gage* v. *O'Neill,* 78 N. H. 539; *Jones* v. *Bennett,* 78 N. H. 224; *Reynolds* v. *Jones,* 78 N. H. 84; *Weston* v. *Society,* 77 N. H. 576; *Peaslee* v. *Rounds,* 77 N. H. 544; *Salter* v. *Philbrick,* 77 N. H. 322; *Galloway* v. *Babb,* 77 N. H. 259; *Cotton* v. *Fletcher,* 77 N. H. 216; *Hale* v. *Kerin,* 77 N. H. 168. If the words

James used are given any meaning of which they are fairly capable, it is obvious he intended to give Martha the right to use or dispose of his property in any way she saw fit, but that if she died without disposing of it, it was to go to Mrs. Chapman, charged with the support of her mother.

*Case discharged.*

All concurred.