Merrimack, }
June 5, 1923. }

JOSEPH C. DONOVAN, *Trustee*, v. M. LIZZIE SMITH & a.

Property devised to a life tenant with remainders upon certain contingencies
   may be sold pursuant to Laws 1893, c. 19, s. 1, and the property rights of
   each person so interested are preserved in the proceeds of the sale in a form
   which approximates as nearly as may be his or her rights in the property sold.
A devise to a life tenant providing that she shall have "full control and manage-
   ment" thereof, and "use such portion or all of said property if she shall deem
   it necessary for her comfort and support," and nominating her as sole ex-
   ecutrix without security, entitles her to the net proceeds of such sale.

PETITION, for advice as to the disposition of the proceeds of real
estate sold by the plaintiff trustee under the provisions of Laws 1893,
c. 19. The real estate was a part of the residue under a will, the
material provisions of which are as follows: "I give, bequeath and
devise all the rest and residue of my estate, real, personal or mixed,
wherever found and however situated unto my daughter, M. Lizzie
Smith, wife of Wallace D. Smith; and my further will in this regard
is, that my said daughter shall have full control and management of
all of said property and to use such portion or all of said property,
if she shall deem it necessary for her comfort and support during the
term of her natural life, but should any of said property remain at
her decease, and she shall leave any child or children surviving her,
then in that event, I give, bequeath and devise all of said property
that shall then be remaining, if any, to such child or children and
to the representatives of any deceased child or children, if any there
be, . . ." In case of failure of issue surviving the daughter, "all of
said property remaining at her death" is devised upon certain con-
tingencies to various other persons. The will names the daughter
as executrix and directs that she shall not be required to furnish
sureties upon her bond or to return an inventory. No part of said
real estate was necessary to pay expenses of administration, debts
or specific legacies. The daughter claims the right to receive from
the plaintiff the proceeds of the sale discharged from the trust or to
dispose of the same if she deems it necessary for her comfort and
support.

Transferred without a ruling by *Sawyer*, J.

*Joseph C. Donovan*, for the plaintiff.

*Robert W. Upton*, for defendants M. Lizzie Smith and Wallace D.
Smith.

SNOW, J. Laws 1893, c. 19, s. 1 provides that "when real estate is subject to a contingent or vested remainder, executory devise or power of appointment, the supreme court for the county in which said real estate is situated may, upon petition of any person who has an estate in possession, remainder or reversion in such real estate, and after notice and other proceedings as hereinafter provided and required, appoint one or more trustees, and authorize him or them to sell and convey such estate, or any part thereof, in fee simple, if such sale and conveyance appear to the court to be necessary or expedient; and such conveyance shall be valid and binding upon all parties." Section 2 provides for notice to, or representation of, all persons "who are or may become" interested, whether then in being or not, while section 3 requires that the trustee give bond and that he shall "receive and hold, invest or apply, the proceeds of any sale made by him for the benefit of the persons who would have been entitled to the real estate if such sale had not been made," and places the administration of the trust thus created under the jurisdiction of the probate court for the county in which the real estate was situated.

The purpose of the legislature was (1) to provide, in the cases limited by the terms of this act, a method of sale which, upon adequate notice, should protect all parties and insure title in the purchaser, and (2) to preserve the property rights of each person interested in the proceeds of the sale in a form which approximates as nearly as may be his or her rights in the property sold. The question presented here is the ascertainment of the rights of the daughter, under the terms of the will, to the possession and disposition of the property sold and the extent to which such right follows the fund in the hands of the trustee. It was clearly the intention of the testatrix, upon all the competent evidence, that the life tenant should have the possession of the property devised during her life irrespective of the form in which it may be invested. *Fowler* v. *Ladd,* 80 N. H. 44, and cases cited. In no other way could she have "full control and management" thereof, and "use such portion or all of said property, if she shall deem it necessary for her comfort and support." The investment of the life tenant with the power of determining what shall be necessary for her comfort and support, her nomination as sole executrix without either the intervention of a trustee or the requirement of a bond to protect those in remainder, if any, are facts confirming this conclusion. *Langley* v. *Farmington,* 66 N. H. 431, 432; *Shapleigh* v. *Shapleigh,* 69 N. H. 577, 581; *Tilton* v. *Tilton,* 70 N. H. 325, 326; *Clough* v. *Clough,* 71 N. H. 412, 419; *Weston* v. *Society,*

77 N. H. 576, 579. It follows that it is the duty of the trustee to pay over to the life tenant the net proceeds of the sale.

*Case discharged.*

All concurred.