Grafton,
June 5, 1934.

GEORGE E. KELLEY, *Ex'r v.* ELVIRA R. KENISTON *& a.*

*Jewett & Jewett,* for the executor, furnished no brief.

WOODBURY, J.  Under the first clause of the will the widow takes a life estate in all of the testator's property, with the power of disposal of the wood or lumber contingent upon her requiring it for her necessary support.  She has an immediate, absolute and unconditional right to the use and income of the property as a life tenant, subject, of course, to the payment of debts and expenses of administration. *Clough* v. *Clough*, 71 N. H. 412, 415.

The devise contained in the second paragraph of the will is, obviously, not to be paid until the death of the life tenant.

In the third, fourth, fifth and sixth clauses the testator did not, in terms, postpone the payment of the legacies therein mentioned until the death of the life tenant.  Nevertheless, in order to give the whole will effect and to carry out the intention of the testator as gathered from the whole instrument, the payment of those legacies is also to be postponed until the death of the life tenant.  Although the testator did not use the word "remainder" or words of similar import, it is obvious that he must have intended to defer the payment of all legacies except the first until after the death of the life tenant. *Clough* v. *Clough, supra.*  To require the present payment of these legacies is to render the widow's legacy a nullity.  Such cannot have been the testator's intention.  To regard these legacies as gifts in remainder is to avoid conflict in the provisions of the will and to give effect to all the provisions of the will. This must have been the testator's intention.

The executor is advised that his present duties terminate upon the allowance of his account and the filing of the widow's receipt for all the testator's personal property with which he is found chargeable. His future duties and the interpretation of clause five do not now require determination, and so will not be touched upon at this time. *Madden's Petition*, 86 N. H. 583.

*Case discharged.*

All concurred.