Grafton Probate Court, } No. 3769.
　　Nov. 3, 1948.

IN RE ESTATE OF KATIE E. GILE.

*Cotton, Tesreau & Stebbins (Mr. Stebbins* orally), for the petitioner.

*Carr & Gifford (Mr. Gifford* orally), for the defendants.

DUNCAN, J. The testatrix plainly intended that her brother and his wife should have life estates in the residue of her estate, with power to use so much of the principal as should be requisite for their support and comfort. No provision was made by the testatrix for the intervention of a trustee, and we are of the opinion that no trust should be implied.

The testatrix expressed her confidence in her brother by naming him sole executor of her will "to serve by giving nominal bond." She intended the residue to be first used for the benefit of the defendants, and at their deaths the petitioner is entitled only to "whatever then remains." "The fact that the will makes no mention of a trust estate or of a trustee or in any way alludes to either, is evidence that the testator did not intend to create such an estate." *Walker* v. *Hill*, 73 N. H. 254, 256. See also, *Little* v. *Colman*, 74 N. H. 215. The life tenants may fairly be said to have been the primary objects of the testatrix' bounty; and her intention that they should enjoy her bounty without the interposition of a trustee is sufficiently manifest. *Weeks* v. *Weeks*, 5 N. H. 326; *Donovan* v. *Smith*, 81 N. H. 83, 84; *Kelley* v. *Keniston*, 87 N. H. 43; *Belford* v. *Olson*, 94 N. H. 278, 280, 281. See

Restatement, Property, *s.* 202, *comment* e, *s.* 203. The first question certified is answered in the negative.

Since the will does not disclose intent to establish a trust, no trustee should be appointed upon the pending petition. Further consideration of the nature of the relationship of the parties is not required, nor need their respective rights and duties be here defined. The life tenants' right to the principal is limited by the will, and the interest of the petitioner may not rightly be disregarded by them. Restatement, *supra, s.* 204, *comment* a. If that interest should at some time be threatened, he will be free to seek recognized remedies. Restatement, *supra, s.* 203, *comment* d, *ss.* 205—207; 31 C. J. S. 76, *s.* 59, *et seq.* See Annotations, 14 A. L. R. 1066; 101 A. L. R. 271; 138 A. L. R. 440. The petition does not purport to seek appointment of a trustee in disregard of the intention of the testatrix, and suggests no occasion for an appointment if none was intended by her. The second question is also answered in the negative.

*Case discharged.*

All concurred.