# THE UNITED STATES
## *v.*
## JONAH CROSBY.

1812.

Feb.   24th,

---

THIS case is fully stated in the following opinion of this Court, which was delivered by

STORY, *Justice,* on the 24th of February, all the judges being present.

A writ of intrusion was brought by the United States against the Defendant in error to recover possession of an undivided part of certain land lying within the district of Maine. Upon the trial of the cause in the district Court of that district, a special verdict was found by the jury, upon which the same Court gave judgment in favor of the Defendant in error. This judgment was afterwards affirmed in the Circuit Court of Massachusetts, and is now before the Supreme Court for a final decision.

By the special verdict it appears that the claim of the United States to the land in controversy is under one

*The title to land can be acquired and lost only in the manner prescribed by the law of the place where such land is situate.*

V. STATES
v.
J. CROSBY.

Nathaniel Dowse, who derived his title, if any, from an instrument stated at large in the same verdict, and executed in his favor by one John Nelson. The instrument is *without a seal* and was executed at the Island of Grenada, in the West Indies, before a notary public, according to the mode prescribed, by the existing laws, to pass real estate in that colony—and both parties were, at that time residents therein.

By the laws of Massachusetts, no estate of freehold in land can be conveyed unless by a deed or conveyance *under the hand and seal of the party*—and to perfect the title as against strangers, it is further requisite that the deed should be acknowledged before a proper magistrate, and recorded in the registry of deeds for the county where the land lies.

The question presented for consideration, is whether the *lex loci contractus* or the *lex loci rei sitœ* is to govern in the disposal of real estates.

The Court entertain no doubt on the subject; and are clearly of opinion that the title to land can be acquired and lost only in the manner prescribed by the law of the place where such land is situate. The judgment of the Circuit Court must, therefore, be affirmed.