## Adams's Estate.

*Will—Vested and contingent remainders.*

Testator gave a portion of his estate to trustees in trust for a son G. for life "and after his death remainder to go and be equally divided among all the children of my said son G. then living, and the issue of any of them then dead, yet so however that the issue of any such deceased child shall take if but one solely, and if more than one then equally among them such part and share only as his or their deceased parent would have taken if living." But if my said son shall die leaving no child or children, nor issue of any

---

* Also reported 18 Atl. Repr. 884.—REPORTER.

such him surviving, then the part or share of my residuary estate that under the above devise would have gone to his descendants, shall go and be equally divided between my daughter M. and my son T." *Held*, that the period of vesting was fixed as of the death of G., the life tenant, and that no estate vested in a granddaughter of G. who died before the grandfather.

Argued Jan. 11, 1904. Appeal, No. 204, Jan. T., 1903, by Amanda McClintock, Administratrix of Sallie B. Adams, deceased, from decree of O. C. Phila. Co., Jan. T., 1901, No. 217, dismissing exceptions to adjudication, in the estate of Thomas Adams, deceased. Before MITCHELL, C. J., DEAN, FELL, BROWN, MESTREZAT, POTTER and THOMPSON, JJ. Affirmed.

Exceptions to adjudication.

ASHMAN, J., filed the following opinion :

The testator, who died in 1867, created a testamentary trust in favor of his son, George B. Adams, to pay him the income for life, and on his death, "remainder to go and be equally divided among all the children of my said son, George, then living, and the issue of any then dead, yet so, however, that the issue of any such deceased child shall take, if but one solely, and if more than one, then equally among them. But if my said son, George, shall die, leaving no child or children, nor the issue of any such surviving, then the part or share of my residuary estate that under the above devise would have gone to his descendants, shall go and be equally divided between my daughter, Mary, and son, Thomas."

George B. Adams, the life tenant, died February 15, 1903, leaving three sons surviving. Another son, Thomas B., died October 15, 1875, leaving two children, Sarah B. and Charles P., Jr. Sarah B. died February 18, 1901, without issue. Charles P., Jr., survives.

Was the period of vesting fixed as of the death of the testator or that of the life tenant? The answer depends upon whether the direction to divide among the children of the life tenant living at his death describes the class who shall take, or simply fixes the time at which the gift shall be paid. If it is descriptive of the class, then the children or other issue who died before the life tenant must be excluded, because that is the date at which the estate so created by the testator first

comes into being. Its badge of membership designed by the testator can be given only to the persons who are living at that time ; and where the persons to wear it are uncertain, as until then they must be, the gift is contingent: Smith on Exec. Int. 281. The intendment of the law in favor of vested over contingent interests will not prevail over a fairly-defined testamentary intention to the contrary. A strong hint of such a contrary intent is found in the limitation over in default of issue of the son. On the theory that the remainder vested at testator's death, that limitation was already defeated, because at his death and even at the time of the writing of the will issue of the son was already in being. Another hint to the same effect, and which in many cases has been held, of itself, to import a contingency, is the absence of distinct words of gift to those who are to take the remainder—the bequest being implied only from the simple direction to divide. The distinction is subtle, but it has been recognized in the numerous cases which hold that a gift is contingent which rests in a mere direction to pay. These points were discussed and determined in Reiff's Appeal, 124 Pa. 145. With the single exception that a trust was created, the provisions of the will in that case were in terms almost identical with those of the will before us ; there were the same direction to pay at the death of the life tenant " to her children who may then be living, or the issue of such as may be dead," and the same limitation in default of leaving child or issue to testator's surviving children.

In Reichard's Appeal, 116 Pa. 232, in a similar trust to pay the income to a daughter for life, and at her death to pay the income to her child or children who should be living at her death, and to the issue of any deceased child until their majority, and then to pay them the principal, it was held that the interest of the daughter's children was contingent upon their survival of the mother. The case is even stronger, because there was no limitation over to other children of testator in default of issue of the daughter.

Carstensen's Estate, 196 Pa. 325, which was strongly urged as an authority in favor of vesting, does not disturb the view which we have taken. Following the gift in trust for the husband for life, the will proceeded : " I give, devise and bequeath the whole estate then remaining to my brothers and sisters ;

the child or children of any of my said brothers or sisters who may then be living to take and receive the share that his or their parent would have taken if living." The gift to the brothers and sisters was in absolute terms, with no condition that they should be living at the death of the husband, the tenant for life; and there was simply an alternative limitation, that if a brother or sister should be then dead, but leaving issue, his issue should be substituted to his interest.

The distinction between that case and the present is broad. It was an absolute gift in express terms to a class generally, with no restriction that its members should be living at a given time; whereas, in the present case, there are no words of gift except as implied in the direction to pay, and the designated class is "the children then living;" and there is the further limitation, which did not appear in Carstensen's Estate, supra, that if the life tenant should die without leaving issue, his share should go to certain of the testator's children.

We are of opinion that the share in question was properly awarded to Charles P. Adams, Jr., the surviving grandchild. The exceptions are, therefore, dismissed, and the adjudication is confirmed.

*Errors assigned* were in dismissing exceptions to adjudication.

*Paul C. Hamlin*, with him *Horace P. Green* and *V. Gilpin Robinson*, for appellant, cited : Wildman's Trusts, 1 Johnson & Hemming, 299 ; Jameson v. Jameson, 86 Va. 51 (9 S. E. Repr. 51) ; Martin v. Holgate, L. R. 1 Eng. & Irish App. 175 ; Austin v. Bristol, 40 Conn. 120; Orton's Trust, L. R. 3 Eq. Cas. 375.

*W. B. Broomall*, for appellee, was not heard.

PER CURIAM, April 11, 1904 :
The decree is affirmed on the opinion of the court below.