**LANE v. CORWIN, Collector of Internal Revenue (two cases).**

**Nos. 277, 278.**

Circuit Court of Appeals, Second Circuit.

March 13, 1933.

768

Kellogg, Emery & Inness-Brown, of New York City (J. Fearon Brown and Dean Emery, both of New York City, of counsel), for appellants.

Howard W. Ameli, U. S. Atty., of Brooklyn, N. Y., Herbert H. Kellogg and Albert D. Smith, Asst. U. S. Atty., both of Brooklyn, N. Y. (C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and E. E. Angevine, Atty., Bureau of Internal Revenue, both of Washington, D. C., of counsel), for appellee.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

MANTON, Circuit Judge.

Appellants' mother died October 29, 1922, a resident of New York. Four sons survived, as her heirs, and appellants are the two youngest. By her will, she devised real estate in the borough of Brooklyn, city of New York, to trustees for the duration of the lives of the appellants, to receive the rents and profits and to pay the income therefrom in equal parts to her four named sons, including the appellants. The will provided that, in case of the death of any beneficiary before the termination of the trust, his share of the income was to be paid to his issue per stirpes and in default to the testatrix' then surviving issue per stirpes. Upon the termination of the trust, each surviving son became seized absolutely of an undivided one-fourth interest in the real estate. In addition to the termination of the trust by the death of the survivor of the two youngest sons surviving the testatrix, the trustees had the power, in their unrestricted discretion, to terminate the trust before the death of the survivor of the two youngest sons and to convey the real estate in the proportions aforesaid. The will provided:

"In case my Trustees shall decide to terminate said trust before the death of the survivor of my two said sons, they shall immediately convey the real estate theretofore held in trust in the proportions aforesaid.

No part of such real estate need be sold or transmuted into cash unless necessary in the judgment of my individual Trustees for the purpose of making any division thereof."

. The trustees held the property, known as Owl's Head Park, a parcel of about 26 acres of unproductive land, until June 8, 1928, when pursuant to this testamentary authority, they distributed it to the sons by an appropriate deed of conveyance. The deed recites a distribution pursuant to this authority conferred by the will. On August 20, 1928, the appellants conveyed the property to the city of New York for park purposes for the sum of $835,000. The property was appraised after the death of the testatrix for transfer tax purposes, at $379,500, and this sum was adopted by the government as its value at the time of the death of the testatrix in fixing the gain realized upon the sale and upon which the tax was calculated. The appellants, maintaining that the value of the real estate at the date of conveyance to them was the proper basis for the determination of gain or loss, brought this action to recover the tax paid.

The sole question is the basis or value to be used in determining the gain or loss in the sale of this property pursuant to the Revenue Act of 1928, § 113 (a) (5), 26 USCA § 2113 (a) (5). It provides that the basis for determining the gain or loss from the sale or other disposition of property acquired after February 28, 1913, shall be the cost of such property, except that—

"(5) Property transmitted at death. If personal property was acquired by specific bequest, or if real property was acquired by general or specific devise or by intestacy, the basis shall be the fair market value of the property at the time of the death of the decedent. If the property was acquired by the decedent's estate from the decedent, the basis in the hands of the estate shall be the fair market value of the property at the time of the death of the decedent. In all other cases if the property was acquired either by will or by intestacy, the basis shall be the fair market value of the property at the time · of the distribution to the taxpayer. * * * "

The appellee's contention is that the appellants acquired a vested interest and an equitable interest at the time of the testatrix' death, and that the value at that time shall be the basis for determining gain or loss. The appellants' contention is that the devise was to the trustees and that at the time of the death of the testatrix the appellants had a

contingent remainder under the New York law, and that the value at the time of distribution by the trustees, that is, the conveyance to the appellant, is the proper basis for determining gain or loss.

By the terms of the will, the trust was measured by the lives of the two youngest sons, the appellants, and the four sons were beneficiaries of the trust entitled to receive the income, if any, from the property. As long as the trust lasted, there was no vested interest or right of dominion or control over the corpus which could have been validly or effectively disposed of by deed or will by any of the four sons. The remaindermen's interests were postponed at least until the termination of the trust. The two oldest sons would have to survive the two younger sons before they could take a remainder and the ultimate owners of the property, by the terms of the will, were to be among the surviving sons, issue of sons or their heirs at law, and this was dependent entirely upon who the persons in esse, at the termination of the trust, should turn out to be. The appellants could not come into possession or control of the property except by act of the trustees in terminating the trust by conveyance and circumstances over which the appellants had no control, except depending upon the contingency that they should some time succeed as sole substituted trustees. The stated duration was two lives, but the trustees acting unanimously were given the power in their discretion to terminate the trust and distribute the corpus. None of the trust beneficiaries was named as trustee or contemplated to become such until two of those originally chosen should have dropped out. Thus the detachment of the beneficiaries from control over the trust or its possible termination before the expiration of appellants' lives is made clear. The trustees were seized with legal title, and had full control over the rents and profits. While the taxpayers had the right to income, if there were any, that was the full extent of their interest until the trust terminated. The remainder interest was contingent in every sense. If the appellants survived, as they did, being the two youngest sons, they could never become remaindermen except by the act of the trustees in conveying the property to them pursuant to the exercise of the discretionary termination power. But, at the death of the testatrix, the remaindermen were an undetermined group of heirs some of whom may not have been in existence at the date of death.

██ In no sense may it be said that the conveyance by will here granted a specific or general devise to the appellants under the New York law. The trustees took the legal title. Section 100, N. Y. Real Property Law (Consol. Laws. c. 50) ; Bennett v. Garlock, 79 N. Y. 302, 35 Am. Rep. 517; Matter of Nimphius' Estate, 139 Misc. 133, 247 N. Y. S. 841; Hubbard v. Housley, 43 App. Div. 129, 59 N. Y. S. 392, affirmed 160 N. Y. 688, 55 N. E. 1096; Russell v. Hilton, 80 App. Div. 178, 80 N. Y. S. 563, affirmed 175 N. Y. 525, 67 N. E. 1089. Whether a given remainder is vested or contingent turns on testamentary intent, and, where the intention is that the distribution of the estate shall be postponed until a future time to persons then to be ascertained, it is contingent as distinguished from the instance in and where the ultimate takers are capable of identity at the date of death. Matter of Baer, 147 N. Y. 348, 41 N. E. 702; Matter of Eickelberg's Estate, 135 Misc. 581, 240 N. Y. S. 699. The national courts follow the local decisions respecting the nature of property interests. Bucher v. Cheshire R. Co., 125 U. S. 555, 8 S. Ct. 974, 31 L. Ed. 795; Tyler v. United States, 281 U. S. 497, 50 S. Ct. 356, 74 L. Ed. 991, 69 A. L. R. 758.

The former Revenue Acts were either silent or provided that the value at the time of the acquisition of the property should be the basis. The Revenue Act of 1928 changed the law. Brewster v. Gage, 280 U. S. 327, 50 S. Ct. 115, 74 L. Ed. 457. By it Congress substituted the date of decedent's death, and, to take care of situations to which the date of death seemed inapplicable, it added the date of distribution.[1]

In Brewster v. Gage, 280 U. S. 327, 50 S. Ct. 115, 116, 74 L. Ed. 457, the Supreme Court affirmed the judgment of this court [30 F.(2d) 604], holding that the basis of computing gain or loss on sale of stock obtained by the taxpayer as a residuary legatee was the value of stock at the time of the testator's death. The court held that the stock was acquired by the legatee taxpayer within the meaning of the Revenue Acts of 1918 and 1921 at the date of death of the decedent and not at the date of decree distributing the property. The court stated the rule to be that title to personal property, unlike

[1] Report of the Senate Finance Committee on the Internal Revenue Bill of 1928, No. 960, p. 26 ; Report of the House Ways and Means Committee on Revenue Bill of 1928, No. 2, p. 18. The Finance Committee Report, referring to cases of specific or general devise or specific bequest in which value at date of decedent's death is the basis, states: "In these cases it may be said, as a matter of substance, that the property for all practical purposes vests in the beneficiary and immediately upon the decedent's death."

real property, passes to the executor or administrator and said: "Upon acceptance of the trust there rests in the administrators or executors, as of the date of the death, title to all personal property belonging to the estate. * * * The decree of distribution confers no new right. * * *"

The Brewster Case presented a different question from that at bar. Here we have a different statutory provision. The reference to an executor's trust estate and the view that a residuary legatee's right to property at the death of the testator enriched him at that time cannot be said to lead to a similar result where an express trust is set up by will even if a different statute was not involved. The postponement of the legatee's actual dominion over the property during the duration of the executor's trust estate for the purpose of administering the estate is entirely different from the postponement of dominion, which might never be realized, by an express trust which might last for many years and prevent the taxpayer from ever obtaining the property outright.

In Chandler v. Field, 63 F.(2d) 13 (C. C. A. 1), the testatrix bequeathed and devised, after certain specific bequests and devises, the remainder of her property to her husband for life and then to trustees to pay $150 a year to her maid for life and to pay the balance of her income to her son, the taxpayer, and to pay over to him one-third of the principal when he reached 30 years, one-third when he reached 35, and the remainder when he reached 40 years. If the son died before the termination of the trust, the principal was to go to his children surviving him and in default of children to be divided among a named person and certain charities. The father of the taxpayer having died, the taxpayer received in 1920, as part of the distribution of the principal when he reached 35, 660 shares of stock of a corporation, and, when he reached 40, he received 93 shares of stock of the same corporation. In 1925, the taxpayer sold the 753 shares and in estimating the gain, the commissioner accepted the value of the shares at the testatrix' death. In an action to recover the tax paid, the taxpayer claimed that the value of

the stock at the time of distribution was proper, but the Circuit Court of Appeals held that the tax was properly assessed under section 204 (a) (5) of the Revenue Act of 1926, 26 USCA § 935 (a) (5). The court said that the will properly construed under the New Hampshire law gave the taxpayer a vested interest in the entire principal of the trust fund at the time of the death of the testatrix and that the time of payment was simply postponed. The court said that this result followed from Brewster v. Gage, supra. But the statutory provision involved, as in the Brewster Case, used the term "time of acquisition," and the case is of no assistance in applying section 113 (a) (5) of the 1928 act, which sets up an entirely new scheme of taxing property of this character.

Since the interest of the appellants was merely contingent and not vested, they should not be considered as having acquired the property at the time of the death of the testatrix. The will gave the realty to the trustees in the manner described without any remainderman being stated as part of the trust provisions. A later clause in the will stated that upon termination of the trust "each of my surviving sons shall become seized absolutely of an undivided one-fourth interest in such real estate as may be then held in trust; the one-fourth interest of any of my sons who shall have died prior to or contemporaneously with the termination of such trust shall pass absolutely to his issue, if any, per stirpes. In default of such issue, such portion shall pass absolutely to his heirs as determined by the statutes of New York as to real property."

The complete enjoyment of the real estate could be obtained only after satisfying both the contingency of the termination of the trust and the contingency of the survival of the sons after the termination of the trust. This interest is not substantially a specific or general devise within the first sentence of section 113 (a) (5). Therefore it falls within the third sentence of the statute, and the date of acquisition by the deed is the basis upon which to determine the cost to appellants.

Decrees reversed.