## PRINGLE v. COMMISSIONER OF INTERNAL REVENUE.

### BRUNSON v. SAME.

#### Nos. 6994, 6995.

Circuit Court of Appeals, Ninth Circuit.
April 24, 1933.

Raymond W. Stephens and Joseph D. Peeler, both of Los Angeles, Cal., for petitioner.

G. A. Youngquist, Asst. Atty. Gen., and Sewall Key and John H. McEvers, Sp. Assts. to Atty. Gen. (C. M. Charest, Gen. Counsel, and Mason B. Leming, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., of counsel), for respondent.

Before WILBUR, SAWTELLE, and MACK, Circuit Judges.

WILBUR, Circuit Judge.

Each of these cases comes to this court on a petition to review the decision and order of the United States Board of Tax Appeals sustaining the determination by the Commissioner of Internal Revenue of a tax deficiency against each petitioner in the sum of $3,293.85 for the year 1923. The facts and questions involved in the two cases are identical and on stipulation of the parties and by order of this court the cases have been consolidated for hearing and determination, provision also having been made in the order for one printed transcript to serve in both cases.

The sole question involved is as to what portion, if any, of the price for which petitioners, who are sisters, sold certain real estate derived from the estate of their deceased mother constitutes income. This depends upon the time when they acquired the property within the meaning of section 202 (a) (3) of the Revenue Act of 1921 (42 Stat. 227), which is as follows:

"Sec. 202. (a) That the basis for ascertaining the gain derived or loss sustained from a sale or other disposition of property, real, personal, or mixed, acquired after February 28, 1913, shall be the cost of such property; except that— * * *

"(3) In the case of such property, acquired by bequest, devise, or inheritance, the basis shall be the fair market price or value of such property at the time of such acquisition. * * *"

Mrs. Ida Wilcox Beveridge, mother of petitioners, died August 7, 1914, leaving a will by the terms of which certain real estate situated in Hollywood, Cal., was left in trust for a period of twenty-five years from the birth of her youngest child living at the date of her death, providing, however, that the trust should terminate should all of her children die without issue before that date. The will provided that upon the expiration of the trust the property "shall descend to and be distributed among such of my children as shall be

living at the expiration of such trust, share and share alike," but that should any child be dead at the end of the trust period leaving issue, such issue should take the share of the deceased parent; should one die without issue, then the whole would go to the survivors; should all of her children die before the end of the trust period leaving no issue, the property should go to her husband and sister, share and share alike, should they be living at that time. Provision was made against the event either husband or sister, or both, should be dead.

Marian B. Pringle and Phyllis B. Brunson, petitioners herein, are the only children of the testatrix. Phyllis Brunson, the younger daughter, reached the age of twenty-five years on July 25, 1923, and on July 26, 1923, by decree of distribution in the matter of the mother's estate, the real estate here in question was distributed to the petitioners as tenants in common, share and share alike. The petitioners sold this property between July 29 and August 1, 1923, for $276,222.76. It is conceded that the fair market value of this property on July 25 and 26, 1923, was the same as the selling price and on the date of the death of the testatrix its fair market value was $76,600.

In determining the profit accruing from the transaction the Commissioner took as the base $76,600, the value of the property as of the date of the death of the testatrix and determined the deficiencies accordingly. The Board of Tax Appeals sustained the deficiencies as determined by the Commissioner and rejected the contention of petitioners that the basis for determining the gain or loss should have been the value of the property on July 25, 1923, the date Phyllis Brunson became twenty-five years of age, petitioners claiming that it was on that date their interests became vested and they acquired the property within the meaning of section 202 (a) (3), and that until that date their interests were merely contingent.

It is not questioned that a person cannot be said to have "acquired" property within the meaning of the Revenue Act, § 202 (a) (3), supra, before he has some substantial ownership therein. If his interest is contingent upon the happening of some future event, until the happening of that contingency when his interest becomes vested, he has merely a possibility of acquiring an estate and cannot be said to have any substantial ownership therein. The rulings of the Department of Internal Revenue have consistently been to the effect that where one has

merely a contingent interest in property he does not "acquire" that property until his interest becomes vested. The general counsel of the Treasury Department, in a recent ruling (G. C. M. 10,260, XI—1 C. B. 79, March, 1932), in discussing a question similar to that presented in the case at bar, stated:

"* * * In the second place, their interests were wholly contingent under the law of Pennsylvania until the death of their mother in 1926 (In re Adams' Estate, 208 Pa. 500, 57 A. 979; In re Alburger's Estate, 274 Pa. 15, 117 A. 452); and the position of this office has been that one who has a mere contingent interest does not 'acquire' the property in question until his interest becomes vested. (O. D. 727, C. B. 3, 53; S. M. 4640, C. B. V-1, 60.) (See, also, I. T. 1622, C. B. II—1, 135; S. O. 35, C. B. 3, 50.)"

As was stated by Mr. Justice Shiras, speaking for the court, in De Vaughn v. Hutchinson, 165 U. S. 566, 570, 17 S. Ct. 461, 462, 41 L. Ed. 827: "It is a principle firmly established that to the law of the state in which the land is situated we must look for the rules which govern its descent, alienation, and transfer, and for the effect and construction of wills and other conveyances. United States v. Crosby, 7 Cranch, 115 [3 L. Ed. 287]; Clark v. Graham, 6 Wheat. 577 [5 L. Ed. 334]; McGoon v. Scales, 9 Wall. 23 [19 L. Ed. 545]; Brine v. Insurance Co., 96 U. S. 627 [24 L. Ed. 858]."

See, also, Poe v. Seaborn, 282 U. S. 101, 110, 51 S. Ct. 58, 75 L. Ed. 239, and Crooks v. Harrelson, 282 U. S. 55, 51 S. Ct. 49, 75 L. Ed. 156. Under the law of California, the state in which the property in question is situated, the interests of petitioners therein prior to July 25, 1923, the date on which Phyllis became twenty-five years of age, were merely contingent and on that date their interests became vested. Estate of Blake, 157 Cal. 448, 108 P. 287; San Diego Trust, etc., Bank v. Heustis, 121 Cal. App. 675, 694, 10 P.(2d) 158.

Petitioners' interests in the property becoming vested on July 25, 1923, it was on that date that they "acquired" the property within the meaning of section 202 (a) (3) of the Revenue Act of 1921, supra, and the value of the property on that date should have been taken as the base for determining the gain or loss from the sale. As above indicated, there was no increase in value between July 25, 1923, and the date of sale, and therefore there was no taxable gain in the transaction.

The cases of Brewster v. Gage, 280 U. S.

327, 50 S. Ct. 115, 74 L. Ed. 457, and Chandler v. Field (C. C. A. 1) 63 F.(2d) 13, are not controlling here. In each of those cases the interest of the taxpayer became vested immediately upon the death of the testator.

Reversed.