## WARNER v. COMMISSIONER OF INTERNAL REVENUE. *

### No. 373.

Circuit Court of Appeals, Second Circuit.
July 23, 1934.

Breed, Abbott & Morgan, of New York City (Sumner Ford and Paul L. Peyton, both of New York City, of counsel), for appellant.

Frank J. Wideman, Asst. Atty. Gen., Sewall Key and John MacC. Hudson, Sp. Assts. to Atty. Gen., for appellee.

Before MANTON, L. HAND, and AUGUSTUS N. HAND, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

Randolph S. Warner, a resident of Ohio, died on October 4, 1921, leaving two sons, one of whom, Randolph S. Warner, Jr., is the petitioner herein. He left a will whereby he bequeathed to his executors in trust his residuary estate to hold the same for five years and to pay over the net income monthly to his two sons share and share alike, or, in case of the death of either or both of them, to their heirs per stirpes. After the expiration of the five-year period he provided that the trust "shall terminate and cease, and all said rest and residue of my Estate, * * * shall be by my Executors distributed and turned over in kind to my said two sons, * * * share and share alike, the same to become their property, absolutely and in fee simple. In case either or both of my said sons shall die during said five year period, then the share or shares of the one or ones so dying, shall go to his or their respective heirs of the body." The will also recited that the property disposed of under the foregoing residuary clause was invested to the best interest of the testator's estate, and that it was his desire that his executors should not dispose of it during the five-year period, but, if in the sound judgment of his executors, the situation should require it, they were "empowered to dispose of any of said * * *

investments, and reinvest the proceeds therefrom. * * * "

At the date when the will was executed, each of the testator's sons was married and had heirs of his body, all of whom survived the distribution of the residuary estate at the termination of the trust on October 4, 1926, when the five-year period expired.

In 1927 the taxpayer sold various stocks that were a part of the residuary estate bequeathed to him and which he had received in distribution from the trustees under his father's will after the trust terminated. The fair market value of these stocks on October 4, 1921, when the father died, was $162,700, and on October 4, 1926, when the trust ended and the taxpayer became entitled to receive them in distribution, was $370,500. The selling price was $346,992.50.

The taxpayer reported his income upon the theory that the securities which he sold were not "acquired" by him, within the meaning of the Revenue Act, prior to the termination of the testamentary trust on October 4, 1926, and that the sales on that basis were at a loss rather than a gain. The Commissioner took the view that the securities were "acquired" at the date of the testator's death on October 4, 1921, and assessed a deficiency of $25,660.48 based upon the gain from the sale of the foregoing securities and 160 shares of preferred stock of Ohio Bell Telephone Company purchased by the trustees, distributed to the taxpayer and sold by the latter in 1927, the details of which it is unnecessary to state. The Board of Tax Appeals affirmed the determination of the Commissioner, and, from their order, the taxpayer appeals. We agree with the disposition of the matter by the Board.

The Revenue Act of 1926, § 204 (a) (5), 26 USCA § 935 (a) (5), provides that the "basis for determining the gain or loss from the sale or other disposition of property acquired after February 28, 1913, shall be the cost of such property; except that— * * * (5) If the property was acquired by bequest, devise, or inheritance, the basis shall be the fair market value of such property at the time of such acquisition. * * * "

In Brewster v. Gage, 280 U. S. 327, 50 S. Ct. 115, 74 L. Ed. 457, the Supreme Court held that a residuary gift created by will, the enjoyment of which was postponed by administration, was "acquired" at the date of the death of the testator. In that case the legacy became indefeasibly vested at the date of the testator's death. The Revenue Acts of 1918 and 1921 were there involved, and

contained language similar to that of the Revenue Act of 1926, which governs the present case.

In Chandler v. Field, 63 F.(2d) 13 (C. C. A. 1) it was held that a remainder interest bequeathed to a son of the testator, which was subject to be divested if he died before a certain age, was "acquired" at the date of the testator's death. The remainder in that case was disposed of by a direction in the will that the trustees distribute the corpus to the son as he reached a certain age. In Molter v. Commissioner, 69 F.(2d) 7 (C. C. A. 7), it was likewise held that a remainder was "acquired" at the date of the testator's death, though it vested subject to a provision in the will that it was not to take effect if the remaindermen died prior to the date of distribution. A decision of the same court in Hopkins v. Commissioner, 69 F.(2d) 11, was of like import. In Pringle v. Commissioner, 64 F.(2d) 863 (C. C. A. 9), and Lane v. Corwin, 63 F.(2d) 767 (C. C. A. 2), it was held that the remainders were contingent. But each decision seems to imply that a remainder interest which is vested is "acquired" at the date of the testator's death, whether it is subject to be divested by the happening of a condition subsequent or not. The test employed by the courts in determining when a remainder interest is "acquired" within the meaning of the Revenue Acts is whether it is vested or contingent. In a memorandum of the Treasury Department (G. C. M. 10260, XI–1, Cum. Bul. 79) construing the provisions relating to realizations of gain or loss (as changed in the Revenue Act of 1928), it was said that "the distinction between interests which are technically contingent and interests which are technically vested, subject to being divested should in general be ignored. * * * The question is whether the taxpayer has acquired sufficiently substantial ownership to satisfy the spirit and purpose of section 113 (a) (5) [26 USCA § 2113 (a) (5)], and in general, an interest which is vested, subject to being divested, does not give a taxpayer that sort of ownership." The same idea was apparently in the mind of the court in Pringle v. Commissioner (C. C. A.) 64 F.(2d) 863, 864, when it remarked that "a person cannot be said to have 'acquired' property within the meaning of the Revenue Act [1921], § 202 (a) (3), * * * before he has some substantial ownership therein." But it would be harder to use substantial ownership as a test than to distinguish between vested and contingent remainders. In spite of the casuistry involved in differentiating between vested and contingent remainders, courts would have criteria available, however technical and unsatisfactory, which they are accustomed to use. But such a vague test as substantiality would leave us wholly without a standard. The question, we think, is whether, under the law of Ohio, where the testator was domiciled, the remainder interest vested in the taxpayer at the time of the testator's death subject only to be divested if the taxpayer died before the expiration of the trust. If it did, the remainder was vested, though not indefeasibly, and the securities were accordingly "acquired" on October 4, 1921.

It is evident that the testator expected his sons to become possessed of his residuary estate at the end of five years and his securities to be turned over to them "in kind" at that time. Indeed, he requested his trustees not to change his investments during the short term of the trust, though to meet emergencies he empowered them to sell and reinvest, if sound judgment demanded such action. The only circumstances which can be thought to indicate that the remainder was contingent are: (1) That it was subject to defeasance by the death of the taxpayer before the termination of the trust; and (2) that the will did not "give and bequeath" the residue to him at the end of the five years, but provided that it should then be by his executors "distributed and turned over in kind to my two sons * * * share and share alike the same to become their property, absolutely and in fee simple."

But for (2) it could not sanely be argued that the remainder was not vested subject only to be divested by the death of the taxpayer prior to the expiration of the five years. We feel no doubt that the direction to pay, in the place of words of bequest, did not annex futurity to the substance of the gift. The succeeding clause of the will providing that the "share or shares of the one or ones" of the testator's sons who shall die during the five-year period "shall go to his or their respective heirs of the body" literally describes an interest vested in the taxpayer which, in the event of his death, goes to his issue. Moreover, the fact that the gift was to named persons rather than to a class the members of which might not be determined until the time when the future interest should vest in possession has generally been regarded as indicative of a vesting at the date of the testator's death, especially when the income is payable during the pendency of the trust to the person prospectively entitled to

receive the remainder. Fulton Trust Co. v. Phillips, 218 N. Y. 573, 582, 113 N. E. 558, L. R. A. 1918E, 1070; Vanderpoel v. Loew, 112 N. Y. 167, 19 N. E. 481. The rule that a direction in a will to divide and pay in future, without words of present gift, renders a bequest presumptively contingent, is, at best, but a rule of construction, and should not apply to a case where the objects of the testator's bounty are specifically named and there is no question of ascertaining who are the members of a class entitled to take at the time the trust terminates. Vesting at the testator's death is generally favored (McArthur v. Scott, 113 U. S. 340, 5 S. Ct. 652, 28 L. Ed. 1015), and the "divide and pay over" rule is only applicable in determining whether the right of persons to whom a testator has bequeathed his estate in remainder is transmissible in case of failure to survive the life tenant. It only helps in some cases to determine whether a remainder becomes indefeasibly vested at the date of the testator's death or at the termination of a trust or life estate. It has nothing to do with remainders that are vested subject to be divested by the happening of a condition subsequent.

The decision in Barr v. Denney, 79 Ohio St. 358, 87 N. E. 267, is strongly relied on by the taxpayer. There it was held that the remainder did not indefeasibly vest until the termination of the trust. The will directed the trustee after the death of the testator's widow, who was the life beneficiary, to sell the corpus of the trust, and, after paying expenses, "to distribute equally to my legal heirs." One of the testator's daughters died during the term of the trust leaving a husband who claimed a share in the remainder interest at the time of distribution. It was hard to suppose that the testator would have intended him to succeed to his daughter's interest and lessen the property distributable to the testator's children by so much. Accordingly it was not unnaturally decided that the remainder was contingent and that the members of the class entitled to take were determined only at the time when the trust ended.

█ To treat the direction in the will to distribute securities in kind at the end of the five years as importing futurity to the gift itself is, we believe, against the weight of the Ohio authorities. Swerer v. Trustees of Ohio Wesleyan University, 6 Ohio Cir. Ct. (N. S.) 185, affirmed sub. nom., Trustees of Ohio Wesleyan University v. Hansborough, 74 Ohio St. 511, 78 N. E. 1140; Linton v. Laycock, 33 Ohio St. 128; Executors of Eury v. State, 72 Ohio St. 448, 74 N. E. 650; Tax Commission v. Commerce Guardian Tr. & Sav. Bank, 24 Ohio App. 331, 157 N. E. 423; McArthur v. Scott, 113 U. S. 340, 5 S. Ct. 652, 28 L. Ed. 1015.

In the case at bar we think that the remainder vested at the time of the testator's death on October 4, 1921, subject to be divested if the beneficiary died before the termination of the trust because:

(1) The residuary legatees were not a class but two named individuals, the testator's sons, and the property was to pass to them "in kind."

(2) The income during the five years while the enjoyment of possession was postponed was made payable to the sons.

(3) There was every reason to suppose that the sons would survive the short period of the trust so that the gift to them, and not the contingency that might defeat it, was primarily in mind.

(4) The testator only sought to postpone complete control over his estate for a short time until the sons acquired more experience. During that period they could not sell their father's cherished securities unless they could get the third trustee to unite with them.

It perhaps may be doubted if a remainder interest, whether "indefeasibly vested," "vested subject to be divested," or "contingent," is not "acquired" at the date of the testator's death within the meaning of the decision in Brewster v. Gage, 280 U. S. 327, 50 S. Ct. 115, 74 L. Ed. 457. But the Supreme Court has not dealt with the question in case of remainders "vested," "vested subject to be divested," or "contingent," and we have preferred to assume, as other courts of the United States and the parties here have done, that a vesting of some recognized sort is necessary if the date of death, rather than the termination of the trust, is to be taken as the time when the interest of the taxpayer is "acquired." We hold that the remainder interest to the taxpayer vested at the date of the death of Randolph Warner, Sr., on October 4, 1921, and that then, and not when the trust terminated on October 4, 1926, the taxpayer "acquired" the securities which he sold in 1927.

Order affirmed.