## TWINING v. COMMISSIONER OF INTERNAL REVENUE.
### No. 323.

Circuit Court of Appeals, Second Circuit.
June 1, 1936.

For opinion below, see 32 B.T.A. 600.

Watson Washburn, of New York City (Perkins, Malone & Washburn, of New York City, of counsel), for petitioner.

Robert H. Jackson, Asst. Atty. Gen., and Sewall Key and Francis I. Howley, Sp. Assts. to Atty. Gen., for respondent.

Before MANTON, SWAN, and CHASE, Circuit Judges.

SWAN, Circuit Judge.

This proceeding relates to the petitioner's income tax for the year 1930. The dispute involves the amount of gain realized on a sale of real estate acquired by the taxpayer under the will of his father who died in 1923, survived by his widow and two sons. By his will the father left the residue of his estate, which included real estate on Long Island, to trustees, to pay the income thereof to his widow during her life, and upon her death the residue was devised one-half to the petitioner, with limitations over if he should not then be living, and one-half to trustees for the other son. The widow died in 1926, survived by the two sons. In 1930 the petitioner sold his half interest in the Long Island real estate. The sole issue in dispute is whether the proper cost basis for computing his gain is the value of the real estate at the date of his father's death or its value at the date of his mother's death. The commissioner and the board took the former date; the petitioner contends it should be the latter.

Section 113(a)(5) of the Revenue Act of 1928 (45 Stat. 818, 819, 26 U.S.C.A. § 113 note) reads in part as follows: "(5) Property Transmitted at Death. If personal property was acquired by specific bequest, or if real property was acquired by general or specific devise or by intestacy, the basis shall be the fair market value of the property at the time of the death of the decedent. If the property was acquired by the decedent's estate from the decedent, the basis in the hands of the estate shall be the fair market value of

the property at the time of the death of the decedent. In all other cases if the property was acquired either by will or by intestacy, the basis shall be the fair market value of the property at the time of the distribution to the taxpayer." The question at issue turns upon whether the first sentence or the last sentence of the above-quoted portion of the section applies to the facts at bar.

■ By the law of New York, where the land was located, the petitioner took under the will of his father a vested remainder even though enjoyment and possession were postponed until the termination of his mother's equitable life estate and his interest was subject to being divested if he should die before her. New York Real Property Law (Consol.Laws, c. 50) § 40; Moore v. Littel, 41 N.Y. 66, 80. Indeed, it is not disputed that the petitioner took a vested remainder under the will of his father.

■ In Warner v. Commissioner, 72 F. (2d) 225, this court held that the test for determining when a remainder was "acquired," within the meaning of the Revenue Act, is whether it is vested or contingent. It is true that the revenue act there under consideration was the 1926 act, but the problem of what was meant by the word "acquired" was not different from what it is under the 1928 act. Literally, therefore, the first sentence of the above-quoted section 113(a)(5) applies; the property "was acquired by general * * * devise." Had the remainder been contingent, then the last sentence of the section would have been applicable. Such was the case of Lane v. Corwin, 63 F.(2d) 767 (C.C. A.2).

■ The petitioner asks us to repudiate the distinction between vested and contingent interests as the test for when property is "acquired" by devise and to substitute the "substantial ownership" test expounded in the General Counsel's Memorandum 10260 (XI–1 CB 79), although the latter test was subsequently abandoned in G.C.M. 14893 (XIV–1 CB 202). In Warner v. Commissioner, 72 F.(2d) 225, 227, we refused to accept the substantial ownership test, expressing the view that it was so vague as to be even less satisfactory than to differentiate between vested and contingent remainders "in spite of the casuistry involved" in such differentiation. We are still of that opinion. Nor do we think we

are constrained to apply the other test in construing the 1928 act merely because Congress re-enacted the section two months after the "substantial ownership" rule of interpretation was expounded in G.C.M. 10260. This is not a case of long-continued administrative interpretation and application such as was deemed persuasive of legislative adoption by reenactment of the statute in Brewster v. Gage, 280 U.S. 326, 327, 50 S.Ct. 115, 74 L.Ed. 457, and in Bliss v. Commissioner, 68 F.(2d) 890, 892 (C.C.A.2), affirmed 293 U.S. 144, 151, 55 S.Ct. 17, 79 L.Ed. 246, 97 A.L.R. 207.

Order affirmed.