## CHANDLER v. FIELD, Collector of Internal Revenue.

### No. 2736.

Circuit Court of Appeals, First Circuit.

Jan. 3, 1933.

Rehearing Denied Feb. 10, 1933.

Harris H. Gilman, of Boston, Mass. (Frank J. Sulloway, of Concord, N. H., and Allan H. W. Higgins, of Boston, Mass., on the brief), for appellant.

Raymond U. Smith, U. S. Atty., of Concord, N. H. (C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and Percia E. Miller, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., on the brief), for appellee.

Herbert Pope, of Chicago, Ill., amicus curiæ.

Before BINGHAM, WILSON, and MORTON, Circuit Judges.

BINGHAM, Circuit Judge.

This action was brought by John P. H. Chandler against the collector of internal revenue for the District of New Hampshire to recover a portion of a federal income tax paid by him for the year 1925.

March 10, 1926, the appellant filed his income tax return for the calendar year 1925 showing a tax due of $3,282.99, which was duly paid. Thereafter the Commissioner assessed against the plaintiff an additional tax for that year in the sum of $21,772.28, which was paid in April, 1928. March 10, 1930, the plaintiff filed a claim for refund of a part of the tax paid, which was denied June 13, 1930, and this suit was brought January 13, 1931.

The taxes in question were imposed upon an alleged profit from the sale of shares of stock in the St. Joseph Lead Company, which were distributed to the plaintiff by trustees under the will of his mother, Lucy H. Chandler.

A jury trial having been waived, the case was heard before the District Court on an agreed statement of facts and certain evidence that was submitted. Thereafter a ver-

dict was rendered in favor of the defendant, upon which judgment was entered June 29, 1932, from which this appeal is taken.

The facts found and agreed upon are in substance as follows: That the plaintiff was born March 22, 1885; that his mother, Lucy H. Chandler, died October 15, 1915, leaving a will; that by her will, after bequeathing certain specified personal property and devising certain real estate in Dover, she bequeathed and devised to her husband, William E. Chandler, for life, the use and income of all her remaining property, real, personal, and mixed, and having devised certain real estate in Warner, N. H., to her son, subject to the life estate of William E. Chandler, she then, upon the latter's death, therein bequeathed and devised the remainder of her property of every kind and description to trustees to pay $150 a year to her maid, Lydia E. Buzzell, for life, provided she remained with her as her maid until her decease, the balance of the income to be paid to her son, John P. H. Chandler, at such times as her trustees deemed proper; that, after providing for the payments to said maid and upon her son, John P. H. Chandler, reaching thirty years of age, the trustees were directed to pay to him one-third of the principal of the trust, on his reaching thirty-five a third, and on his reaching forty the remaining third; that in case the son died before reaching the ages above specified, leaving children surviving him, then the whole or balance of the estate (as the case might be) the trustees were directed to pay over to his children, but if the son died without children surviving him, then a given amount of the estate was to go to a person named and the balance was to be divided and turned over to certain charities; that the plaintiff reached thirty-five years of age on March 22, 1920, and the trustees thereafter, on April 19, 1920, William E. Chandler, the life tenant, having previously died, delivered to the plaintiff 660 shares of the stock of the St. Joseph Lead Company, and on July 15, 1925, they delivered to him 75 shares of said stock, and on August 24, 1925, 18 shares of the stock; that in 1925 the plaintiff sold the 753 shares for about $32,738.73; and that the Commissioner, in ascertaining the gain for the additional tax, deducted from the sale price the market value of the stock as of the date of Mrs. Chandler's death and assessed the plaintiff an income tax upon the gain thus ascertained.

The plaintiff's contention is that this method of ascertaining the gain was erroneous; that in ascertaining it the Commissioner should have deducted the market value of the stock at the time he received it in 1920 and 1925; and that, in computing the tax in the way he did, the plaintiff was overassessed in the sum of $10,000, more or less, which he seeks to recover in this action.

From the above statement of facts it appears that, on the death of Mrs. Chandler, October 15, 1915, title to the bulk of the personal property of her estate vested in her executors, subject to the right of her husband, William E. Chandler, having the income during his lifetime, and that the title to the real estate in Warner, N. H., vested in her son, the plaintiff, subject to the life interest of his father; that, upon the death of the father, the title to the personal property vested in the trustees; that the trustees thereupon were required to distribute to the son his first third of the corpus, he having previously, in 1915, attained the age of thirty, and pay out of the income $150 a year to Mrs. Chandler's maid during her lifetime, and the balance of the income to the son at such times as they deemed proper; that, on the son reaching thirty-five, they were to turn over to him the second one-third, and on his reaching forty the remaining third; that the plaintiff, being thirty years old at the time of his mother's death, then acquired a vested right in his first third of the residue, but was not then entitled to have it turned over to him and did not become so entitled until the death of the father, the life tenant; that no question as to the first third is here involved; that the material question, so far as concerns the construction of the will, is whether under it the plaintiff, at his mother's death, took a vested interest in the last two-thirds of the estate, the time or times of payment only being postponed until he reached the ages of thirty-five and forty; or whether, at the time of her death, his right to the last two-thirds was a mere future contingent interest, which was not to vest until and unless he reached the ages of thirty-five and forty—an event or events that might never happen.

We are of the opinion that, under a proper construction of the will, the plaintiff, at his mother's death, took a vested interest in the last two-thirds of the estate; that upon the termination of the life estate of his father, an event that was bound to happen, he became entitled to the income that should accrue on the principal of the trust and that the time or times of payment of the principal was simply postponed until he reached thirty-five and forty, subject to being divested by the gifts over in case he died before those

events happened. Brown v. Brown, 44 N. H. 281; Kennard v. Kennard, 63 N. H. 303, 309; Abbott v. Lewis, 77 N. H. 94, 97, 88 A. 98.

Under these circumstances the remaining question is whether the 753 shares of St. Joseph Lead Company, 660 of which were turned over to the plaintiff in the second distribution in April, 1920, and the balance of 93 shares in the third distribution in 1925, were "acquired" by him at the time of his mother's death in 1915, within the meaning of section 204 (a) (5) of the Revenue Act of 1926, 26 USCA § 935 (a) (5), so that the value of the stock at that time is to be taken in ascertaining the gain from the sale of the stock in 1925, or whether it was "acquired" by him within the meaning of said section when he received these shares on his reaching thirty-five and forty.

This section was under consideration by the Supreme Court in Brewster v. Gage, 280 U. S. 327, 50 S. Ct. 115, 74 L. Ed. 457. The facts before the court in that case were in substance as follows: The testator, by will, disposed of a part of his estate in a residuary clause, making his son, Brewster, the residuary legatee. The father died May 20, 1918. The will having been proved and administration of the estate completed, the surrogate court, on April 18, 1920, entered a final decree of distribution, pursuant to which certain stocks were distributed to the son, some of which he sold in 1920, 1921 and 1922. In computing the gain on each sale he deducted from the selling price the value of the stock at the date of the decree of distribution and not at the date of the testator's death. It was held that, although the title to the residuary estate (which was personal property) vested, on the death of the testator, in his executors and not in his son as legatee, nevertheless, on the death of the testator, the son as legatee acquired a vested right in the residue, though the actual taking of title by the son was temporarily postponed, pending administration and distribution; that, in this situation, the son, as legatee of the residuary estate, "acquired" the stock at the time of his father's death; and that the market value at that time must be taken into consideration in ascertaining the gain derived from the sale.

Following the reasoning of Brewster v. Gage, the result is that as the plaintiff acquired a vested right in the shares of stock, which were distributed to him in 1920 and 1925, at the time of his mother's death in 1915, the market value of the stock at that

time was properly taken into account in computing the gain.

The judgment of the District Court is affirmed, with costs to the appellee.

## On Petition for Rehearing.

### PER CURIAM.

The petition for rehearing must be denied. This case is not distinguishable in principle from the case of Brewster v. Gage, 280 U. S. 327, 50 S. Ct. 115, 74 L. Ed. 457. In that case it was held that the son, the residuary legatee, acquired a vested interest in the residue of the estate at the time of his father's death and that that was the date when he acquired the property within the meaning of section 204 (a) (5) of the Revenue Act of 1926 (26 USCA § 935 (a) (5), although the title to the specific stocks constituting the residue vested in the executors on the father's death and the son did not receive them until later. The residuary legatee in that case did not acquire a right to the particular stocks. The shares of stock which the executors received, they might have sold, if deemed necessary, either to make a gain or to avoid a loss; but if they sold and made a gain, their gain, under the provisions of the Revenue Act, would have been the difference between the value of the stock at the time of the testator's death and what they sold it for. The executors did not sell the stock; the specific shares were distributed to the residuary legatee; he sold the stock and his gain was held to be the difference between the value of those shares at the testator's death and the price he received for them.

Suppose, in the instant case, the trustees, who acquired title to the stocks constituting the residue of Mrs. Chandler's estate and to whom the shares of stock were delivered, had sold these shares. In such case the trustees would have been taxable for the gain, if any, on the same basis as the executors in the Brewster Case would have been had they made a sale. But the trustees did not sell the stock. The shares came to John P. H. Chandler, who acquired a vested interest in his mother's estate at the time of her death. He sold the stock; he made the gain; and, as was held in Brewster v. Gage, acquired the property, within the meaning of section 204 (a) (5) of the Revenue Act, at the time of his mother's death. And this being so, the gain is determined by deducting the value at her death from the sum received from the sale. If these specific shares held by the mother at the time of her death had not come

to Mr. Chandler, he could not have sold them and made a gain and could not be taxed. But that has little to do with this case, for he did receive the stocks and sold them, and, by so doing, made a gain over and above their value at the time of his mother's death, which, according to Brewster v. Gage, was the time he acquired the property within the meaning of section 204 (a) (5).

In our opinion filed January 3, 1933, we did not outline these specific matters in detail, but we considered them all and regarded them as fully covered by Brewster v. Gage, if Mr. Chandler acquired a vested interest at the date of his mother's death, which we held he did.

The petition is denied.