## MOLTER v. COMMISSIONER OF INTERNAL REVENUE.

### No. 4990.

Circuit Court of Appeals, Seventh Circuit.
Jan. 22, 1934.
Rehearing Denied Feb. 28, 1934.

quest, devise or inheritance, as provided for by section 204 of the Revenue Act of 1924 (43 Stat. 253, 258) and the same provision in the Revenue Act of 1926 (44 Stat. 9, 14, 15) 26 USCA § 935 and note. These sections provide that such basis shall be the fair market value of such property at the time of acquisition.

The fourth paragraph of the will bequeathed the residue of his estate to the First Trust & Savings Bank of Chicago, Illinois, in trust, for the uses and purposes, and subject to the limitations as expressed in the subsequent paragraphs, of which five, six, and seven are pertinent to the question here presented. Paragraph five gave the trustee broad powers of management of the estate, and provided that no stocks should be sold without the written consent of petitioner. Paragraph six is as follows:

"I will and direct that the net income derived from the control and management of my said estate be paid at the end of each year to my wife * * * and to my daughter * * * in equal parts, share and share alike, during the lifetime of my wife. In case of my daughter's death before my wife's death, I direct that the entire said net income be paid to my wife in quarterly installments during her life, unless, however, my daughter dies leaving lineal descendants, in which case, I direct that one-half of said income be paid to my wife and one-half to the lineal descendants of my daughter, if any, share and share alike, in quarterly installments. At the death of my wife, in case she survives me, or at my death, in case she does not survive me, I will and direct that twenty-five per cent. in value of my estate be turned over to my daughter, and that twenty-five per cent. thereof shall be turned over to her each second year thereafter until the whole is turned over to her in three additional installments and that the income received from the principal remaining in the hands of the trustee from time to time, be paid over to my said daughter in quarterly installments provided, however, if my said daughter so elects, this trust may be continued for such time not exceeding ten years from the date for final distribution for such time within that term as may be designated in writing by her. In case of the death of said Isabel M. Richardson before my death or before such distribution is made to her, I direct that the whole or remaining principal in the hands of such trustee and income hereinabove directed to be paid to her, be distributed and paid to her lineal descendants, if any, at the specified times and in the same manner, share and share alike."

Oscar A. Kropf, of Chicago, Ill. (Miller & Chevalier, of Washington, D. C., of counsel), for petitioner.

Pat Malloy, Asst. Atty. Gen., Sewall Key and Francis H. Horan, Sp. Assts. to Atty. Gen. (E. Barrett Prettyman, Gen. Counsel, Bureau of Internal Revenue, of Washington, D. C., of counsel), for respondent.

Before ALSCHULER, EVANS, and SPARKS, Circuit Judges.

SPARKS, Circuit Judge.

The only contested issue is whether petitioner took a vested or a contingent remainder in the residue of her father's estate under the provisions of his will. This question arises in connection with the determination of the basis upon which to ascertain gain or loss on the sale of certain property acquired by be-

Paragraph seven provided for bequests to charities if petitioner left no lineal descendants. The wife and daughter survived the testator who died on February 13, 1919, and petitioner, the daughter, survived her mother who died April 25, 1923. The named trustee accepted and performed the duties of the trust as directed by the will.

In making her income tax returns for 1925 and 1926, petitioner proceeded upon the theory that under the will she received a contingent remainder, and that she actually acquired the property in question in 1923 and 1925, upon distributions, hence the basis for determining gain or loss was the fair market value of this property in those respective years.

The Commissioner asserted deficiencies upon the theory that petitioner took a vested remainder in her father's estate, and based the gain upon the value of the property on the date of her father's death. The Board of Tax Appeals subsequently upheld the deficiencies as asserted by the Commissioner.

It is elemental that the object of the interpretation of a will is to give effect to the testator's intention. If there be reasonable doubt of a testator's intention to create a vested or contingent remainder, the law favors the vested legacy. Smith v. Chester, 272 Ill. 428, 112 N. E. 325, Ann. Cas. 1917A, 925. This is especially true where the beneficiary is a child of the testator.

In determining whether an estate is vested or contingent, the rule adopted by courts generally is that laid down in Section 108 of Gray's Rule against Perpetuities, "Whether a remainder is vested or contingent depends upon the language employed. If the conditional element is incorporated into the description of, or the gift to the remainderman then the remainder is contingent; but if, after words giving a vested interest, a clause is added divesting it, the remainder is vested." In Heitzig v. Goetten, 347 Ill. 619, 180 N. E. 428, 432, the court quoted that rule with approval, and further said that "a remainder is vested where there is a right of present enjoyment or a fixed right to a future enjoyment in a determinate person after the particular estate terminates."

It is obvious that a remainder without condition precedent can not take effect in possession and enjoyment until the death of the life tenant, or other determination of a particular estate, but that it does take effect in interest and right immediately on the death of the testator is a rule which, so far as we know, is not denied in American jurisprudence, and is strictly followed in Illinois. Scofield v. Olcott, 120 Ill. 362, 11 N. E. 351; Ducker v. Burnham, 146 Ill. 9, 34 N. E. 558, 37 Am. St. Rep. 135. The possibility of death of the remainderman always renders it uncertain whether the remainder will ever take effect in possession and enjoyment, but that fact does not make his survival a condition precedent, and does not render the remainder contingent. It is vested if his interest is fixed. Knight v. Pottgieser, 176 Ill. 368, 52 N. E. 934; Chapin v. Crow, 147 Ill. 219, 35 N. E. 536, 37 Am. St. Rep. 213. His death before enjoyment of possession is merely a condition subsequent. Smith v. Chester, supra. It is likewise true that uncertainty as to the amount of the remainder does not render it contingent. Ducker v. Burnham, supra.

Of course, if survivorship, or other conditional element is incorporated in the gift or into the designation of the remainderman, such as to such children as survive a certain time, the remainder will be contingent and the vesting thereof deferred. This is not only true with respect to Illinois as shown by many of the decisions hereinbefore cited, but the rule is quite generally adhered to throughout the United States. Those cases are rightly based on the theory that survival in such cases is made a condition precedent. In the will before us, survival is not made a condition precedent, and unless petitioner's last contention which is hereafter treated can be sustained, we are convinced that petitioner's interest in her father's estate was vested at his death.

It is contended by petitioner that inasmuch as there was no specific bequest to her, but that the estate, in certain amounts was merely to be turned over to her at stated times by the trustee, the vesting of the remainder is postponed under the rule set forth in the Scofield Case, supra, at page 372 of 120 Ill., 11 N. E. 351, 353, which is as follows: "* * * Where there is no original gift, but only a direction to pay at a future time, the vesting will be postponed till after that time. * * * But even though there be no other gift than in the direction to pay or distribute in futuro, yet, if such payment or distribution appear to be postponed for the convenience of the fund or property, as where the future gift is postponed to let in some other interest,—for instance, if there is a prior gift for life, or a bequest to trustees to pay debts, and a direction to pay upon the decease of the legatee for life, or after payment of the debts,—the gift in remainder

vests at once. \* \* \* But where the payment is deferred for reasons personal to the legatee, the gift will not vest till the appointed time. \* \* \* In other words, if the reason for the postponement is the position of the fund, the bequest in remainder vests at once; but, if it is in the position of the legatee, the remainder is contingent. \* \* \* "

The question presented, therefore, is whether testator's reason for postponement of the distribution of a part of the estate related to the fund, or was personal to petitioner. If the entire residue of the estate had been ordered turned over to petitioner at the time of her mother's death, the remainder unquestionably would have been a vested one under the generally recognized rule in the United States, and especially is this true under the law of Illinois. Petitioner, however, seeks to parry the effect of that rule by the fact that the will provided that only one-fourth of the remainder was to be paid to her upon her mother's death, and that the other three-fourths was to be paid to her in three equal amounts at the expiration, respectively, of two, four, and six years after her mother's death, because, as she contends, testator's reason for the postponement of payment was personal to petitioner.

With this contention we are unable to agree. Other than the postponement, the record discloses nothing to indicate that testator thought she was improvident or impecunious, or otherwise disqualified to receive the property. On the other hand there are facts disclosed which strongly indicate that testator thought otherwise. The provision of the will which forbade the sale of any of the stocks of the estate by the trustee without the written consent of petitioner, if she were then in the United States, would seem to indicate that he thought well of her financial judgment. The size of the estate and value of the property which was to be turned over to her at her mother's death confirms that indication in no small degree, and the fact that it was left within her discretion whether the trust should continue for a period of ten years from the date for final distribution is further evidence of his confidence in her judgment and ability. These facts seem to negative the idea that the postponement of payment was for any reason personal to petitioner. In Pearson v. Hanson, 230 Ill. 610, 82 N. E. 813, the court stated that the mere fact that two of four residuary legatees were under permanent disability, one "a distracted person," and the other a deaf mute, was not of itself any evidence that testator's

object in postponing distribution was for reasons personal to the legatees.

The most that can be said in petitioner's favor in this respect is that testator's intention was doubtful, and in that event, the regard of the law for vested rather than contingent estates impels us to hold that the remainder was vested at the time of her father's death. Ducker v. Burnham, supra; Armstrong v. Barber, 239 Ill. 389, 88 N. E. 246.

A very similar set of facts was presented to the Court of Appeals for the First Circuit to determine the same question of whether a certain remainder was vested or contingent in the case of Chandler v. Field, 63 F. (2d) 13. In that case a remainder was left to the son of the testator to be turned over to him after the termination of a life estate in her husband. This remainder was to be distributed to him in three equal installments upon his reaching the ages of thirty, thirty-five, and forty years. The court there held that this bequest created a vested interest in the estate, and that gains or losses sustained in the sale of properties of the estate were therefore to be ascertained upon the basis of the value of those properties at the date of the death of the testator. We think that the conclusion reached in that case was correct.

Petitioner relies upon certain cases which she contends establish the principle that postponement of distribution for reasons personal to the legatee results in the postponing of the vesting of the estate. We do not question that principle. The facts of those cases, however, are readily distinguishable from those of the case at bar. In Walker v. Walker, 283 Ill. 11, 118 N. E. 1014, survival was made a condition precedent, hence the court held that the estates created did not vest upon the death of the testator. The court also decided there that considering all the family circumstances it seemed clear that the postponement of possession was for reasons personal to the legatees rather than for the benefit of the property. In Knight v. Pottgieser, supra, the remainder was held to be vested, hence that case does not aid petitioner. In Bennett v. Bennett, 217 Ill. 434, 75 N. E. 339, 4 L. R. A. (N. S.) 470, the remainder was held to be contingent because the payment provided for was not to be made to an only son until he reached the age of forty years, or if his mother were not then living, until he reached the age of fifty years. We have no hesitation in saying that a postponement of possession until a legatee is forty or fifty years of age, without explanation might very properly be consid-

ered as a basis for concluding that the testator thought the legatee was not capable of caring for his estate, as the court held in that case. We are not to be understood as holding that the question of whether a remainder is vested or contingent is to be determined in every instance alone by the period during which possession is to be postponed. Intention must be determined from all the facts disclosed. In the case at bar, the will disclosed facts, as hereinbefore set forth, which we think preclude us from saying that the postponement was made for reasons personal to petitioner.

Decision affirmed.