## HOPKINS v. COMMISSIONER OF INTERNAL REVENUE.

### No. 5031.

Circuit Court of Appeals, Seventh Circuit.

Jan. 26, 1934.

Rehearing Denied Feb. 24, 1934.

Herbert Pope and Benjamin M. Price, both of Chicago, Ill., for petitioner.

Pat Malloy and Sewall Key, both of Washington, D. C., for respondent.

Before ALSCHULER, EVANS, and SPARKS, Circuit Judges.

SPARKS, Circuit Judge.

This petition for review of a decision of the Board of Tax Appeals presents much the same issue as that involved in the case of Molter v. Commissioner, 69 F.(2d) 7, decided by this court, January 22, 1934. In that case the question was whether the petitioner took a vested or a contingent remainder in the residue of her father's estate under the provisions of his will, and argument was confined to that point as determining the date of acquisition of the estate. Petitioner, however, insists that that case and a number of similar cases have emphasized the wrong point. The cases referred to have to do with the construction of section 204 (a) (5) of the Revenue Acts of 1924 and 1926, 26 USCA § 935 (a) (5) and note, which is as follows:

"The basis for determining the gain or loss from the sale or other disposition of property acquired after February 28, 1913, shall be the cost of such property; except that— * * *

"(5) If the property was acquired by bequest, devise, or inheritance, the basis shall be the fair market value of such property at the time of such acquisition. * * *"

There have been a number of cases in which the foregoing section was considered. Thus in Brewster v. Gage, 280 U. S. 327, 50 S. Ct. 115, 116, 74 L. Ed. 457, it was held that a residuary legatee under a will had a vested interest in the property acquired by him under the will, so that as to him, the date of acquisition of the property was the date of decedent's death. In Huggett v. Burnet, 62 App. D. C. 67, 64 F. (2d) 705, it was held that a provision in a will leaving one-half of the income of the estate to testator's daughter during her lifetime, and at her death, one-half of the estate to certain named granddaughters created a vested remainder in the granddaughters so that the value of the properties subsequently turned over to the petitioner, one of the granddaughters, was to be calculated as of the date of death of the testator. In Chandler v. Field (C. C. A.) 63 F. (2d) 13, it was held that the interest of a remainderman under a will vested upon the death of the testator, in spite of the fact that the property was not to be distributed to him until the death of the life tenant, and then only upon his reaching the ages of thirty, thirty-five, and forty years, at which times distribution was to be made in three equal installments. In Molter v. Commissioner, supra, this court held that the interest of a remainderman under a will which provided for distribution of the remainder in four equal installments to be paid two years apart following the death of the life tenant vested upon the death of the testator. In Lane v. Corwin (C. C. A.) 63 F. (2d) 767, 769, it was held that where the termination of a trust was to occur upon the death of the two youngest of four beneficiaries of the trust, or at an earlier date at the discretion of the trustees, the interest of the beneficiaries was a contingent one which did not vest until the property was actually conveyed to them, hence the date of acquisition was the date of distribution rather than the date of decedent's death.

It will be noted that in all of these cases, the question involved was the same, namely, what was the date of acquisition of property, acquired under a will, the sale of which property following distribution gave rise to a fund subject to taxation. In all the cases, it was considered that the controlling factor was whether the interest created by the will was a vested or a contingent one, thereby determining whether the date of death or the date of distribution was to be taken as the basis for ascertaining gain or loss from the sale of the estate properties.

Petitioner in the case at bar, however, contends that the foregoing distinction is an altogether arbitrary one, and should not be permitted to control the decisions in these cases. He argues that it is very unfortunate that the amount of taxes payable should be made to depend upon such doubtful questions as the time of the vesting of interests, for the reason that in cases which involve such questions the courts lean to a construction in favor of vesting in order to sustain the validity of the interests created; that the question of whether an interest is vested or contingent often turns upon the form in which the gift is expressed, although as a matter of practical fact, the vested legatee obtains no more actual dominion over the property where another estate intervenes than the contingent legatee obtains. He argues that since taxes present a very practical problem, and courts have held that substance rather than form should control decisions involving that problem, for taxing purposes, the date which should be fixed as a basis for ascertaining value is the date at which the interest of the legatee becomes indefeasible, or the date of distribution of the property to him.

While this precise question has not yet been considered by the Supreme Court, we think that the language used by it in the case of Brewster v. Gage, supra, is broad enough to answer petitioner's contention. There it was argued by counsel for the taxpayer that "to hold that the property sold was acquired at the date of the testator's death would result in increasing or decreasing a taxpayer's income on account of changes in value of property before it is subject to the disposition and control of such taxpayer. This should not be done in the absence of clearly expressed congressional intent." In answering this argument, the Court said, "But immediately upon the death of the owner there vests in each of them the right to his distributive share of so much as shall remain after proper administration and the right to have it delivered upon entry of the decree of distribution. * * * The decree of distribution confers no new right; it merely identifies the property remaining, evidences right of possession in the heirs or legatees, and requires the administrators or executors to deliver it to them. The legal title so given relates back to the date of the death. * * * Petitioner's right later to have his share * * * vested immediately upon testator's death. At that time petitioner became enriched by its worth, which was directly related to and would increase or decline correspondingly with the value of the property. And, notwithstanding the postponement of

transfer of the legal title to him, Congress unquestionably had power and reasonably might fix value at the time title passed from the decedent as the basis for determining gain or loss upon sale of the right or of the property before or after the decree of distribution." While this language was used in deciding as to the date of acquisition of property by a residuary legatee, we see no reason why it should not be equally applicable in the case of a remainderman whose interest vested upon the death of the testator, even though possession was to be postponed for an indefinite period. Congress had a right to fix such date as the basis for determining gain or loss to the legatee. "Date of acquisition" has been held to have a certain specific meaning, differing in the cases of the vested and the contingent remainderman. The fact that a difference in the amount of taxes payable results from following such a distinction will not permit us to adopt a different rule from that provided for by Congress.

██ Petitioner further argues that in the event that this court holds that this case is to be decided on the question of whether he took a vested or contingent interest under the will of his grandfather, it should be held that it was the latter. The will provided that

"My said trustees shall pay over to my wife ⁣ * * one-half of the net annual income * * * so long as she shall live; and upon her death they shall pay one-half of the income which she would have received if living * * * to each of my grandsons * * * provided such grandson has attained the age of twenty-five years; and until he shall attain the age of twenty-five years my said trustees shall after the death of said (wife), accumulate and set apart one-half of the income * * * for the benefit of each of my said grandsons; and after the death of (wife) and when each of my said grandsons attains the age of thirty years or as soon thereafter as (wife) shall die, my said trustees shall pay over to each of said grandsons respectively one-fourth of the trust estate to be his absolutely together with any accumulations of income directed to be made for his benefit."

An identical provision was made with respect to the other half of the estate which was left in trust for his daughter, with remainder over for his grandsons.

Petitioner cites the case of O'Hare v. Johnston, 273 Ill. 458, 113 N. E. 127, as holding that an interest in a grandchild after a life estate in a parent, comparable to petitioner's interest in the case at bar, was a contingent one. This construction of the case is, however, in error. The facts in it were that testator created a trust for thirty years for the benefit of his son and daughter who were to receive the income from the fund semiannually, and the corpus of it in equal shares at the end of the period. As to that provision of the will the court held that considering all the circumstances it was clear that the postponement of possession was for the benefit of the estate rather than for reasons personal to the legatees, hence their interest was vested rather than contingent. The will further provided that in case either the son or daughter died without issue during the trust period, the survivor was to have the entire estate at the end of the period, but that if either had children, those children were to receive the share to which their parent would have been entitled, if still living. The court held that the legacy vested in the grandchildren at the death of their parent and not at the time of the distribution of the estate at the end of the trust period. It seems unnecessary to point out that the facts of that case are in no way comparable to those of the case at bar, nor is the conclusion as stated by petitioner.

We have found no Illinois case in which this particular form of bequest was construed, namely, in trust with the income to be paid to a life tenant, with remainder over to named persons, provided, however, they were to receive neither income nor principal until they reached a certain age. It was held in the case of Hoblit v. Howser, 338 Ill. 328, 170 N. E. 257, 258, 71 A. L. R. 1046, that a devise, "to have and to hold in fee simple, provided however (devisee) lives to be fifty years of age," and in case she died before, over to her children, or if none, to the other children of the testator, vested the fee in the devisee, subject to being divested upon her death under the prescribed age. Authorities were cited for the holding that "a devise to A when or if he attains a certain age, with a devise over dependent upon his death before he attains that age or without issue * * * is not subject to a condition precedent that the devisee shall attain the age fixed, but it creates a vested estate, subject to a condition subsequent, by the happening of which it may be divested." We think it can make no difference in principle that an intermediate life estate intervenes in the case at bar. As stated in the case of Lane v. Corwin, supra, "Whether a given remainder is vested or contingent turns on testamentary intent, and, where the intention is that the distribution of the estate

shall be postponed until a future time to persons then to be ascertained, it is contingent as distinguished from the instance in and where the ultimate takers are capable of identity at the date of death."

Decision affirmed.