**FIRST NAT. BANK OF BOSTON et al. v. UNITED STATES.**

No. 2984.

Circuit Court of Appeals, First Circuit.

March 9, 1935.

George S. Fuller, of Boston, Mass. (Burnham, Bingham, Pillsbury, Dana & Gould, of Boston, Mass., on the brief), for appellants.

Berryman Green, Sp. Asst. to the Atty. Gen. (Frank J. Wideman, Asst. Atty. Gen., and J. Louis Monarch, Sp. Asst. to the Atty. Gen., on the brief), for the United States.

Before BINGHAM, WILSON, and MORTON, Circuit Judges.

WILSON, Circuit Judge.

This is an appeal from a judgment of the District Court of Massachusetts on a petition to recover a refund of $5,044.73 alleged to have been illegally assessed and collected of the petitioners as taxes on income of a trust for the calendar year 1928.

The Commissioner included in the income of the petitioners as subject to the normal and surtax the sum of $74,773.08, as gain from the sale of securities which the

petitioners claim had been held by them for more than two years and should have been treated as capital gain under section 101 of the Revenue Act of 1928 (26 USCA § 2101).

It is also urged that the Commissioner erroneously disallowed as a deduction from the income of the trust the sum of $8,752.86 which the trustees claimed should be allowed as income distributed by the trustees to the beneficiary under section 162 (b) of the Revenue Act of 1928 (26 USCA § 2162 (b). Of this item, it is conceded, as we understand it, that the Commissioner did erroneously disallow the sum of $3,952.86, which should have been deducted from the gross income received by the trust, it being a part of the trust income to be distributed currently to the beneficiary under the terms of a testamentary trust; and that by reason of this error there was an overpayment of $979.15 for which judgment was given in the District Court.

The District Court disallowed the claim of the petitioners that the gain in the sale of securities amounting to $74,773.08 should be considered as a capital gain, and held that it was a part of the income of the petitioners subject to the normal and surtax provisions. This is the only issue now before this court.

Edward E. Blodgett died April 4, 1926. By his will he bequeathed to the petitioners as trustees the residuum of his estate consisting, in part, at least, of securities. Some time after April 4, 1928, and more than two years after the testator's death, but less than two years after they were turned over to the trustees by the executor of the will, some of the securities were sold by the trustees at a gain of $74,773.08 over their value at the time of distribution, which value, under section 113 (a) (5) of the Revenue Act of 1928, 26 USCA § 2113 (a) (5), was the basis for determining gain or loss in case of residuary bequests.

The petitioners contend that under the rule laid down in Brewster v. Gage, 280 U. S. 327, 50 S. Ct. 115, 74 L. Ed. 457, as to the date of acquisition, and according to the laws of Massachusetts, the securities had been held by the trustees for more than two years, and the gain was therefore a capital gain and should have been taxed as such under section 101 (a) of the Revenue Act of 1928 (26 USCA § 2101 (a). The government, however, contends that Congress has a right to determine what shall be considered capital assets and the basis for determining gains and losses; and that, inasmuch as the basis for determining the gain or loss in case of a sale of personal property acquired under a residuary bequest is fixed in section 113 (a) (5) of the same act, 26 USCA § 2113 (a) (5), as the value at the time of distribution, Congress must have intended that in such case the date from which the two-year period is to be computed is also the date of distribution. The government also contends, since the provisions of section 101 (c) (8) (B) of the Act, 26 USCA § 2101 (c) (8) (B), provide that, in determining the period during which a taxpayer has held property, there shall also be included the period for which such property has been held by any other person, provided that under the provisions of section 113 of the Act (26 USCA § 2113) such property has for the purpose of determining gain or loss the same basis, in whole or in part, in the hands of the taxpayer as it would have had in the hands of such other person, that the period during which these securities were held by the executor cannot be added to the time in which they were held by the trustees; since the basis for computing the gain, if sold by an executor, is the value at death of the testator, while in the case of the residuary legatee it is the date of distribution.

It should be noted, however, that the reference in section 101 (c) (8) (B) is not alone to paragraph (a) (5) of section 113, but to the entire section, which contains other instances of the arbitrary fixing of the base value for determining gains and losses. This contention of the government is evidently based on the theory that a legatee acquires title from the executor; but since a legatee, whether special or residuary, does not acquire his title from the executor, but under the will, Brewster v. Gage, supra; Chandler v. Field (C. C. A.) 63 F.(2d) 13, 15, certiorari denied, 289 U. S. 758, 53 S. Ct. 791, 77 L. Ed. 1502; Davis v. Newton, 6 Metc. (Mass.) 537, 541; Hooper et al. v. Bradford, 178 Mass. 95, 97, 59 N. E. 678; section 101 (c) (8) (B) has no application to this case. Personal property transmitted at death is not held by the representatives of the estate within the meaning of section 101 (c) (8) (B). The executor or administrator can only be said to hold it for the limited purpose of administration, or, as has been said, in autre droit, or as a quasi trustee for the benefit of the legatees or heirs. Lathrop v. Merrill, 207 Mass. 6, 10, 92 N. E. 1019.

In Brewster v. Gage, supra, the court said, page 334 of 280 U. S., 50 S. Ct. 115, 116:

"Immediately upon the death of the owner there vests in each of them [referring to a legatee or heir] the right to his distributive share of so much as shall remain after proper administration and the right to have it delivered upon entry of the decree of distribution. * * * Upon acceptance of the trust there vests in the administrators or executors, as of the date of the death, title to all personal property belonging to the estate; it is taken, not for themselves, but in the right of others for the proper administration of the estate and for distribution of the residue. The decree of distribution confers no new right; it merely identifies the property remaining, evidences right of possession in the heirs or legatees, and requires the administrators or executors to deliver it to them. The legal title so given relates back to the date of the death."

It is clear that acquisition as used in these acts means acquisition of title and not of possession.

As the Committee on Ways and Means pointed out in its report to the House No. 704 on the Revenue Act of 1934, with respect to the change in section 113 (a) (5) of the pending bill (26 USCA § 5113 (a) (5), from that of the Revenue Act of 1928:

"The change in the 1928 Act was made because there was some doubt as to the meaning of the term 'acquisition,' which was the term used in the Act of 1926. Since the 1928 Act was passed, the Supreme Court has defined the 'date of acquisition' to mean the date of death in the case of all property passing by bequest, devise or inheritance, whether real or personal. (Brewster v. Gage, 280 U. S. 327, 50 S. Ct. 115, 74 L. Ed. 457.) Section 113 (a) (5) of the bill conforms to the language contained in the Act of 1926, so that a uniform basis rule may be required in the case of property passing at death, whether real or personal."

In the 1921 Revenue Act, § 206 (a) (6), 42 Stat. 232, it was provided that to constitute capital assets, property must be "acquired and held" for two years. In subsequent acts the word "acquired" has been omitted, the obvious reason is that the word "acquired" was surplusage, since, in general, property is held from the time it is acquired or one's ownership begins.

A comparison of corresponding sections in prior acts: sections 206 (a) (6), and 202 (a) (3) of the 1921 Revenue Act (42 Stat. 229, 232); sections 208 (a) (8) and 204 (a) (5) of the 1924 Revenue Act, 26 USCA § 935 and note, and § 939 note; sections 208 (a) (8) and 204 (a) (5) of the 1926 Revenue Act, 26 USCA § 935 (a) (5), and § 939 note, discloses that capital assets are determined by the time property is "held," while gains and losses are computed from the value as a base at the time of acquisition, except in certain instances of an arbitrary fixing of the base value. It was not until the insertion of section 113 (a) (5) in the 1928 Revenue Act that any change was made in the base for computing gains between personal property transmitted at death by special bequest and by residuary bequests.

It is significant, however, that even in paragraph (a) (5) of section 113 of the 1928 Revenue Act, notwithstanding the arbitrary fixing of the base value as of the date of distribution in case of a residuary bequest, it is recognized that personal property transmitted at death is acquired either by will or by descent. It expressly provides that, "If personal property was acquired by specific bequest," etc., and "in all other cases if the property was *acquired either by will or by intestacy.*" (Italics supplied.)

Section 101 and section 113 were enacted for entirely different purposes. The first defines capital assets and capital gains; the second defines the method of determining the amount of gains, whether capital gains or income. They are not interdependent in the sense that the date from which gains and losses are computed must in all cases be the same as when the property was acquired by the taxpayer.

In other words, Congress intended only by the change in section 113 (a) (5) of the 1928 Revenue Act to make clear the base value for determining gains and losses in case of property transmitted at death, because of some uncertainty which had arisen in the Administrative Bureau as to date of acquisition of such property. It, however, made no substantial change in section 101 of that act from the provisions of section 208 (a) (8) of the 1926 Revenue Act for determining what are capital assets.

In view of the purpose, which has repeatedly been recognized both by the Administrative Bureau and the courts, of allowing a gain from the sale of property

held for more than two years to be taxed as a capital gain, we do not think a narrow construction should be given to any provision in the Revenue Acts that would tend to defeat such purpose, unless it clearly follows from the language used. It should not be done by implication as here contended by the government in construing section 113 (a) (5) of the 1928 Revenue Act. It cannot be said to be a necessary implication that when Congress, in order to clarify some uncertainty as to the date of acquisition of residuary bequests, fixed the base date for computing gains in case of the sale of personal property so acquired as the date of distribution, it also intended thereby to limit the period during which such property was held. It is inconceivable, we think, that if Congress intended by section 113 (a) (5) of the Revenue Act of 1928 to effect a change in the period during which property acquired by will or inheritance must be held to constitute capital assets, it would not also have made an equally definite change in section 101 of that act.

There is nothing new in fixing an arbitrary date for determining the base value for computing gain or loss in the sale of property and different from that when the property was acquired by the taxpayer. In case of property purchased prior to 1913, it was fixed as of March 1, 1913, unless the cost price was in excess of their value on that date; also see section 208 (a) (8) of the 1926 Revenue Act, and see section 113 (a) (1) (2) (3) (4) (6) of the 1928 Revenue Act, 26 USCA § 2113 (a) (1–4, 6).

We find nothing in the decisions in Helvering v. New York Trust Co., 292 U. S. 455, 54 S. Ct. 806, 78 L. Ed. 1361, or Helvering v. Bliss, 293 U. S. 144, 55 S. Ct. 17, 79 L. Ed. ——, 95 A. L. R. 207, which modifies the rule laid down by the Supreme Court in Brewster v. Gage, supra, in construing the sections of the earlier acts corresponding to section 113 (a) (5). Under the rule laid down in Brewster v. Gage, supra, we think the petitioners acquired the corpus of the trust on April 4, 1926, and therefore held it more than two years prior to the sale, and that the District Court erred in holding that under the provisions of section 101 (c) (8) (B) of the 1928 Revenue Act, the taxpayer had not held the securities sold since the death of the testator.

The gain of $74,773.08 resulting from the sale of securities by the trustees, therefore, should have been treated as a capital gain, and in order to determine the total amount to which the petitioners are entitled as a refund, the case must be remanded for a recomputation of the tax in accordance with this opinion.

The judgment of the District Court is reversed, and the case remanded to that court for further proceedings not inconsistent with this opinion.