## LEE v. COMMISSIONER OF INTERNAL REVENUE.

### No. 2956.

Circuit Court of Appeals, First Circuit.

March 9, 1935.

Hugh W. McCulloch, of Chicago, Ill., for petitioner.

Berryman Green, Sp. Asst. to the Atty. Gen. (Frank J. Wideman, Asst. Atty. Gen., and Sewall Key, Sp. Asst. to the Atty. Gen., on the brief), for Commissioner of Internal Revenue.

Before BINGHAM, WILSON, and MORTON, Circuit Judges.

WILSON, Circuit Judge.

■ This is a petition for review of a decision of the Board of Tax Appeals. The main issue is the same as that involved in the case of First National Bank of Boston et al. v. United States, 76 F.(2d) 200, decided by this court on March 9, 1935. There was a sale of securities by a residuary legatee in 1929, more than two years after the death of the testator, but less than two years from the date of distribution. The Commissioner assessed the gain in accordance with section 113 (a) (5) of the Revenue Act of 1928 (26 USCA § 2113 (a) (5), but held it was not a capital gain, which was affirmed by the Board of Tax Appeals. Since the acquisition of the securities sold dates back to the death of the testator, Brewster v. Gage, 280 U. S. 327, 50 S. Ct. 115, 74 L. Ed. 457, Chandler v. Field (C. C. A.) 63 F.(2d) 13, 15, certiorari denied 289 U. S. 758, 53 S. Ct. 791, 77 L. Ed. 1502, Walker v. Hill, 73 N. H. 254, 60 A. 1017, Sanborn v. Clough, 64 N. H. 315, 10 A. 678, they were held more than two years and should be treated in assessing the tax as a capital gain, although the amount of the gain was properly determined under Sec. 113 (a) (5). See First National Bank of Boston et al. v. United States, supra.

■ As to the sale of the rights in the Commonwealth Edison Company, their acquisition also dates back to the death of the testator, who was the original owner of the stock, out of which the rights arose. It is stipulated that the gain from the sale of the rights was the sum of $5,460.62, based on the value of the stock of the Commonwealth Edison Company on October 6, 1927; but since the date of acquisition of the rights to subscribe to stock dates back to the date of acquisition of the stock, this gain must also be treated as capital gain.

It appears from the petitioner's petition for review that if the above items are capital gain, not only was the deficiency tax assessed by the Commissioner improperly assessed, but that the petitioner was entitled to a refund.

The decision of the Board of Tax Appeals is reversed and the case remanded for further proceedings not inconsistent with this opinion.