## BEERS v. COMMISSIONER OF INTERNAL REVENUE. *

### No. 5516.

Circuit Court of Appeals, Third Circuit.
May 20, 1935.

448

Bernhard Knollenberg, of New York City (Lord, Day & Lord, Harry J. Rudick, and Joseph W. Wyatt, all of New York City, of counsel), for petitioner.

Frank J. Wideman, Asst. Atty. Gen., and Sewall Key and L. W. Post, Sp. Assts. to the Atty. Gen., for respondent.

Before BUFFINGTON, WOOLLEY, and THOMPSON, Circuit Judges.

WOOLLEY, Circuit Judge.

On their face the questions involved in this case and in the case of Roebling v. Commissioner (C. C. A.) 78 F.(2d) 444, this day decided, are the same. Broadly stated, they are:

What is the proper basis for determining the taxable gain from sales of property, in one instance personal, in the other real, where a testator, in different language, had in each case bequeathed or devised the property in trust for the benefit of his child during his minority, to be transferred or conveyed to him on attaining the age of twenty-one years, with a bequest or devise over in the event of the child's death before attaining that age, and where the sales were made by the child after distribution or conveyance to him?

The facts out of which the question in the instant case arose are these:

In 1904 the petitioner's mother died leaving a will by which, after sundry bequests, she devised her real estate to a trustee in trust "to hold the same for the benefit of (her) said child (the petitioner), appropriating the rents for his benefit during his minority; * * * And * * * upon the attaining by (her) child of his majority, to convey said real estate to him in fee simple"; or in the event of his prior decease to convey it to other named devisees.

The petitioner attained his majority on March 17, 1925, and on that date the trustee conveyed to him, pursuant to the provisions of his mother's will, real estate situated in Chicago, Illinois, and Erie, Pennsylvania. During the taxable years 1926 and 1927 the petitioner sold parcels of the lands at figures which show very substantial profits or little or no profits according to the basis used in the computation.

The petitioner in his income tax returns for those years reported no profits from the sales, having taken the position that the proper basis for computing profit or loss from sales of properties so held was their fair market value on March 17, 1925 when they were conveyed to him by the trustee.

The Commissioner of Internal Revenue took the opposite position that the proper basis for computing profit or loss from sales by the petitioner of properties so held was primarily their fair market value on the date of his mother's death when the properties passed to him under her will. Finding, however, that the value was greater on March 1, 1913, the effective date of the Sixteenth Amendment, than on the date of the mother's death in 1904, the Commissioner, conformably with the rule in such case, used the March 1, 1913 value and assessed against the petitioner the deficiency taxes in question. The Board of Tax Appeals sustained the Commissioner. The petitioner, though apparently having conceded that under certain court decisions

the Board and the Commissioner were right, brings the case here for review.

The applicable law is found in the following provisions of the Revenue Act of 1926, c. 27, § 204 (a) (5), (b), 44 Stat. 9, USCA, tit. 26, § 935 (a) (5), (b):

"Sec. 204. (a) The basis for determining the gain or loss from the sale or other disposition of property acquired after February 28, 1913, shall be the cost of such property; except that * * *

"(5) If the property was acquired by bequest, devise, or inheritance, the basis shall be the fair market value of such property at the time of such acquisition. * * *

"(b) The basis for determining the gain or loss from the sale or other disposition of property acquired before March 1, 1913, shall be (A) the cost of such property (or, in the case of such property as is described in paragraph * * * (5), of subdivision (a), the basis as therein provided), or (B) the fair market value of such property as of March 1, 1913, whichever is greater. * * *"

Thus the sole question of a proper basis for computing taxable gain from sales of properties held as in this case is compressed by the statute into another question:

When did the taxpayer *acquire* the properties devised in trust, on the death of the testator or on conveyance to him by the trustee?

Ordinarily this question turns on still another:

Whether the devise was a vested remainder or a contingent remainder?

If a vested remainder, the petitioner acquired the properties on the testator's death in 1904 and their fair market value at that date, or at the later date of March 1, 1913, whichever is greater, is the proper basis for calculating gain or loss. If a contingent remainder, he acquired them by conveyance at the end of the trust in 1925 and their value at that date controls the calculation. In determining whether an interest in real property is vested or contingent the rule adopted by the courts generally is that laid down in section 108 of Gray's Rule Against Perpetuities: "Whether a remainder is vested or contingent depends upon the language employed. If the conditional element is incorporated into the description of, or the gift to, the remainderman then the remainder is contingent; but if, after words giving a vested interest,

a clause is added divesting it, the remainder is vested."

Illustrating this rule, courts have said that: "Where the time specified in the deed of gift is annexed to the payment only—for instance, where, after a gift to the beneficiary, the donor directs the payment to be made when the beneficiary attains the age of 21—the gift vests immediately, the time of payment only being postponed. But where the time is annexed, not to the payment, but to the gift itself—as when it goes to the beneficiary 'when' he arrives at a certain age, or, 'if' he is living at the time of the happening of a future event—the gift does not vest unless and until he attains that age, or unless he survives the happening of the future event." Carter v. Bugbee, 92 N. J. Law, 390, 106 A. 412, 413; Hopkins v. Commissioner (C. C. A. 7th) 69 F.(2d) 11, 96 A. L. R. 1358; Molter v. Commissioner (C. C. A. 7th) 69 F.(2d) 7; Chandler v. Field (C. C. A.) 63 F.(2d) 13; Id., 289 U. S. 758, 53 S. Ct. 791, 77 L. Ed. 1502; Pringle v. Commissioner (C. C. A.) 64 F.(2d) 863; Burnet v. Pringle, 290 U. S. 656, 54 S. Ct. 72, 78 L. Ed. 568; Huggett v. Burnet, 62 App. D. C. 67, 64 F.(2d) 705; Lane v. Corwin (C. C. A.) 63 F.(2d) 767; Id., 290 U. S. 644, 54 S. Ct. 62, 78 L. Ed. 558; Warner v. Commissioner (C. C. A. 2d) 72 F.(2d) 225.

The argument in Roebling v. Commissioner as to a proper tax base was rested squarely on the question whether the bequest was a vested or a contingent remainder and whether accordingly the acquisition of the property was upon the date of the testator's death or upon the date of distribution. The petitioner in this case, regarding the theory of the argument in the Roebling Case as wrong, takes the position that it is not material whether the devise was a vested remainder or a contingent remainder, nor is it material when his interest may have vested, for, as he contends, his interest in the properties was defeasible by his death before reaching the age of twenty-one and therefore, whatever its legal character, the real estate which later he sold was not "acquired" by him until March 17, 1925 when, on conveyance by the trustee, he became the indefeasible owner of the fee.

The petitioner claims that the proper test for ascertaining the basis of a computation of taxable gain from the sale of real property acquired by devise is not

that of a remainder, vested or contingent, but should be the indefeasibility or substantiality of interest in the devise equivalent to ownership of the property itself which in this case did not come to him until conveyance of the property at the end of the trust.

■ This contention, it seems, is opposed in principle to the law of Brewster v. Gage, 280 U. S. 327, 50 S. Ct. 115, 74 L. Ed. 457. The petitioner concedes that in the case of an indefeasible vested remainder the acquisition of the remainder interest should, within the principle of the Brewster Case, be treated as substantially the equivalent of the acquisition of the property itself to which the remainder pertains. But classifying a vested remainder, subject to be divested by a condition subsequent, with a contingent remainder, he argues that the former falls within the principle of the latter, and therefore they should be treated alike in construing a property interest for tax purposes. He thus avoids the theory of a vested remainder and a contingent remainder as the pivotal point on which this and kindred· tax questions normally turn and indulges in the expression of a "defeasible vested remainder" as showing that he had not acquired property subject to tax until the passing of the condition subsequent. The law, however, clearly recognizes that a remainder, not resting on a condition precedent yet subject to be divested upon the happening or non-happening of a subsequent event, is none the less a vested remainder—an interest in property "acquired" by the remainderman on the death of the testator.

Passing from these observations on the general rule of the subject we come to the matter which is dispositive of the case.

■ It is here conceded, as is generally done in like cases, that the interest being in real property, the rule of property of the state in which it is situated controls. DeVaughn v. Hutchinson, 165 U. S. 566, 17 S. Ct. 461, 41 L. Ed. 827; Uterhart v. United States, 240 U. S. 598, 36 S. Ct. 417, 60 L. Ed. 819. The properties in question were situated in Illinois and Pennsylvania. Whatever may be the rule in other states, it is plainly the rule of the state of Illinois and the commonwealth of Pennsylvania that a devise of the character of the one in question is a vested remainder. Hopkins v. Commissioner (C. C. A. 7th) 69 F.(2d) 11; Molter v. Commissioner (C. C. A. 7th) 69 F.(2d) 7; Hoblit v. Houser,

338 Ill. 328, 170 N. E. 257, 71 A. L. R. 1046; Carter v. Carter, 234 Ill. 507, 514, 85 N. E. 292; Packer's Estate (No. 2), 246 Pa. 116, 92 A. 70; In re Marshall's Estate, 262 Pa. 145, 105 A. 63; In re Neel's Estate, 252 Pa. 394, 97 A. 502; Wheaton Coal Co. v. Harris, 288 Pa. 294, 135 A. 637; Pennsylvania Company v. Brown (D. C.) 6 F. Supp. 582, 584.

■ It follows logically that the time at which the petitioner acquired by devise a vested remainder in property so located is the date of the testator's death. The Revenue Act does the rest by making, in case of property "acquired" by devise, the fair market value of such property "at the time of such acquisition," or if so acquired before March 1, 1913, its fair market value at that date, whichever is greater, the basis for determining gain or loss from its sale or other disposition. In view of this very definite mandate of the taxing act, this court cannot set up any other basis of computation.

The orders of the Board of Tax Appeals are affirmed.