## UNITED STATES v. VAN NOSTRAND.

### No. 3301.

Circuit Court of Appeals, First Circuit.

Jan. 26, 1938.

Loring W. Post, Sp. Asst. to Atty. Gen. (James W. Morris, Asst. Atty. Gen., Sewall Key, Sp. Asst. to Atty. Gen., and Francis J. W. Ford, U. S. Atty., and Arthur L. Murray, Sp. Asst. to U. S. Atty., both of Boston, Mass., on the brief), for the United States.

Morris R. Brownell and Cook Brownell, Taber & Sherman, all of New Bedford, Mass., for appellee.

Before BINGHAM, WILSON, and MORTON, Circuit Judges.

BINGHAM, Circuit Judge.

This is an appeal from a judgment of the Federal District Court for Massachusetts in favor of the plaintiff in the sum of $893.94, with interest from June 1, 1932, in an action at law brought to recover a portion of a deficiency tax assessed upon the plaintiff's income for the year 1929. The case was tried without a jury upon an agreed statement of facts, in which it appeared that Alonzo G. Van Nostrand, the plaintiff's father, died in the month of November, 1923, leaving a will in which, after making numerous specific bequests, in its residuary clause provided:

"All the rest, residue and remainder of my property, real and personal, I give, devise and bequeath to Guy Cunningham of Gloucester, Massachusetts, and Morris R. Brownell of New Bedford, Massachusetts, and the survivor of them, their heirs and assigns in trust, nevertheless for the following purposes:—

"First:—To pay the following monthly allowances on the first day of each month after my decease to the following persons for their lives:

"To Ellen Souther of Brookline, Mass. One Hundred Dollars ($100.).

"To my son William T. Van Nostrand, Fifty Dollars ($50.).

"To Abbie A. Smith of Bradford, Mass. Forty Dollars ($40.).

"To Julia B. Knight of Bradford, Mass. Forty Dollars ($40.).

"To Ella P. Josselyn, my sister-in-law, Forty Dollars ($40.).

"To Mary A. Copeland of Fairhaven, Mass., Twenty-five Dollars ($25.).

"Second:—To pay for the support of Mary Bradlee on the first day of each Janu-

ary, April, July and October after my death so long as she shall live, the sum of One Hundred Dollars ($100.), said sum may be paid to Isabel Burtis of Lawrence, Long Island, to be expended by her for said purpose without accounting or otherwise expended by or under the direction of my trustees for said purpose.

"Third:—Upon the death of Mrs. Ellen Souther above named or at my death if I survive her, my Trustees shall divide the sum of Twenty Thousand Dollars ($20,000.) from the principal of said Trust Fund between such of the following persons as may be then living, viz.

"Joaquin J. Souther now of Porto Rico,

"Timothy J. Souther now of Porto Rico,

"Clarence B. Souther of Brookline, Mass.

"Mrs. Clarence B. Souther of Brookline, Mass.

"Fourth:—I direct my trustees to pay the remainder of the net income of the Trust Fund to my wife Jane B. Van Nostrand for her life, * * *

"Fifth:—Upon the death of my wife, or at my death if I survive her my trustees *shall, subject to such provision as they deem adequate* for the *continued payment of the annuities* and *payments from capital* provided in the foregoing paragraphs numbered 'First', 'Second', and 'Third,' pay the entire principal of the Trust Fund to my son William T. Van Nostrand and his heirs. My Trustees may provide for said payment by the purchase from the principal of the Trust Fund of annuities from the Massachusetts Hospital Life Insurance Co. or other reputable company or by reserving so long as may be necessary a portion of the principal of the Trust Fund or otherwise.

"I appoint Guy Cunningham of Gloucester, Massachusetts, and Morris R. Brownell of New Bedford, Massachusetts, to be the Executors of my Will * * *."

It further appeared that, following the death of the testator, Mr. Cunningham and Mr. Brownell qualified as executors and continued to act in that capacity until December 31, 1925, when the estate was closed by an order of the probate court; that, upon the closing of the estate on December 31, 1925, the residue of the estate of the testator was transferred to Mr. Cunningham and Mr. Brownell as trustees in accordance with the provisions of the will; that Jane B. Van Nostrand, the testator's wife and life tenant under the will, died April 8, 1927; that on July 27, 1927, the trustees delivered the remaining principal of the trust to the plaintiff; that the plaintiff duly filed his individual income tax return for the calendar year 1929 with the collector and paid the tax thereon in the amount of $3,642.44; that during the year 1929 the plaintiff sold certain of the securities received by him from the trustees; that, thereafter, the Commissioner notified the plaintiff that his return for the year 1929 disclosed a deficiency which, with interest, amounted to $3,432.38 and assessed an additional tax for that amount, which the plaintiff paid; that on December 19, 1933, the Commissioner issued a certificate for over-assessment which, with interest, amounted to $2,411.51, which was paid to the plaintiff, but the balance of his claim was disallowed; that the Commissioner in his final determination of the plaintiff's tax liability for 1929 took as the cost basis for determining the taxable gain on the securities received by the plaintiff and sold in 1929 their market value on April 8, 1927, the date of the death of Mrs. Van Nostrand, the life tenant.

The statute in force, at the time the securities were sold by the taxpayer in 1929, for determining the basis of the fair market value of these securities, is section 113(a) (5) of the Revenue Act of 1928, 45 Stat. 791, 818, 26 U.S.C.A. § 113 note, which reads:

"If personal property was acquired by specific bequest, or if real property was acquired by general or specific devise or by intestacy, the basis shall be the fair market value of the property at the time of the death of the decedent. If the property was acquired by the decedent's estate from the decedent, the basis in the hands of the estate shall be the fair market value of the property at the time of the death of the decedent. In all other cases if the property was acquired either by will or by intestacy, the basis shall be the fair market value of the property at the time of the distribution to the taxpayer."

The District Court in construing and applying the last clause of the above-quoted section, which is conceded to be the applicable clause, ruled that the Commissioner erred in taking April 8, 1927, the date of the death of the wife, the life tenant, as a basis for ascertaining the fair market value of the securities sold by the taxpayer, and

512

held that that value should have been determined as "at the time of the distribution to the taxpayer"; that is, July 27, 1927, when the residue of the trust, after making provision for the payments or securing the payments to the beneficiaries named in paragraphs first, second, and third of the will, was ascertained and turned over to the plaintiff, the taxpayer.

■ On this appeal the defendant, appellant, takes the position that the Commissioner was right in taking April 8, 1927, as the basis for ascertaining the gain or loss on the securities sold in 1929, and that the court erred in holding that it was July 27, 1927, the time of their distribution or delivery to the taxpayer; and in its support contends that on the death of the life tenant, the plaintiff had an unconditional right to the distribution or delivery to him of the trust property and that what Congress meant by the words "at the time of the distribution to the taxpayer" in section 113 (a) (5) was when the taxpayer had an unconditional right to a delivery, not when it was in fact delivered to him. But we think this is not so. We must assume that Congress had a reasonable understanding of the meaning of the terms it employed to express its intention and that it knew the phrase, "at the time of the distribution to the taxpayer," did not mean "at the time an unconditional right to distribution accrued to the taxpayer." If it had so intended it could have readily said so, but it did not and we cannot assume it meant what it did not say. We therefore conclude that the words "at the time of the distribution to the taxpayer" do not mean "at the time an unconditional right to distribution accrued to the taxpayer."

■ Furthermore, the taxpayer, under the terms of the will, did not have an unconditional right to a distribution or delivery to him of the trust property at the time of the death of the testator's wife, for, at that time, the trustees could not have determined upon, and made arrangements for paying or securing (by insurance annuities or otherwise) the monthly and quarterly benefits and other obligations imposed upon the trust property by the first, second, and third paragraphs of the residuary clause, and which the trustees by the will were required to do and which had to be done before the residue of the trust could be known, and necessarily before an unconditional right to a distribution of the residue could accrue to the taxpayer. That event being one dependent upon a construction of each and every will that would come up for consideration, Congress, in its wisdom, in the last clause of section 113(a) (5), fixed as the cost basis for securities sold by the taxpayer the market value of them "at the time of the distribution to the taxpayer"—in other words the time of delivery of the securities to him. And in the first two clauses of section 113(a) (5) it likewise fixed an arbitrary time, not depending upon the construction of each and every will as had been the case under the Revenue Act of 1926, § 204(a) (5), 44 Stat. 14.

The decisions in Twining v. Commissioner, 2 Cir., 83 F.2d 954; Beers v. Commissioner, 3 Cir., 78 F.2d 447; Hopkins v. Commissioner, 7 Cir., 69 F.2d 11, 96 A.L.R. 1358; First National Bank et al. v. United States, 1 Cir., 76 F.2d 200; Lee v. Commissioner, 1 Cir., 76 F.2d 203; and Chandler v. Field, Collector, 1 Cir., 63 F.2d 13, to which we have been referred, do not involve the question here under consideration, and the same is true of Brewster v. Gage, 280 U.S. 327, 50 S.Ct. 115, 74 L.Ed. 457. But in its opinion in the last case the Supreme Court, in speaking of section 113 (a) (5) of the Revenue Act of 1928, evidently regarded the last clause of the section as subject to the interpretation we have placed upon it. At page 337, of 280 U.S., page 117 of 50 S.Ct., it said:

"The Revenue Act of 1928, § 113(a) (5), expressly established value at the time of the death of the decedent as the basis of calculation in respect of sales of personal property acquired by specific bequest and of real estate acquired by general or specific devise or by intestacy, and in all other cases fixed fair market value at the time of distribution to the taxpayer as the basis. 45 Stat. 819."

The judgment of the District Court is affirmed.